## TOMPKINS v. AUGUSTA, &c., RAILROAD COMPANY.

1. COMPLAINT—GEN. STAT., § 1550.—Under a statute requiring the owner of land, within thirty days after the receipt of notice in writing that a railroad company requires a right of way over his lands, to give notice *in writing* of his refusal of consent to the construction of such railroad upon his lands, or else consent "shall be presumed," a complaint which alleges that the owner, when he ascertained that the railroad would probably extend across his lands, formally notified the officers of the company that . entry by it was objected to, and the company thereafter constructed its road without any proceedings to condemn, does not state facts sufficient to constitute a cause of action, by reason of its failure to state that the notice by the owner was in writing.

2. IBID.—IBID.—CONCLUSION OF LAW.—The use of the word "formally" was not sufficient, as that merely stated a conclusion of law.

3. IBID.—AMENDMENT.—But plaintiff should be allowed to amend his complaint by inserting the words, the mere omission of which constituted the defect in its allegations.

4. RIGHT OF WAY—NOTICE.—Written notice by the railroad company to the owner, that a right of way would be required, is unnecessary, when the owner has notice otherwise of the intended entry for such purpose.

5. IBID.—TRESPASS.—Where a railroad company constructs its road-bed upon lands without the consent, actual or presumed, of the owner, and without a judgment of condemnation under the statute, its entry for such purpose was unlawful, and it may be proceeded against as a trespasser.

Before ALDRICH, J., Edgefield, November, 1891.

This was an action by Stephen S. Tompkins and others against the Augusta and Knoxville Railroad Company, and its lessee, the Port Royal and Augusta Railway Company, for the recovery of two strips of land. The opinion states the case, but see 33 S. C., 216.

*Messrs. Joseph Ganahl* and *Sheppard Bros.*, for appellant.

*Messrs. Ernest Gary* and *Henderson Bros.*, contra.

October 21, 1892.  The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   The appeal in this case presents the general question, whether the Circuit Judge erred in overruling a demurrer based upon the ground, that the complaint does not state facts sufficient to constitute a cause of action.  For a proper solution of this question, it will be necessary to set out only so much of the complaint, which is for the purpose of recovering possession of real estate, as is claimed to be defective, omitting those portions of the complaint which are either formal in their character or do not throw any light upon the question presented.

After alleging, in the third paragraph of the complaint, that the defendant company "entered into and upon said premises, and unlawfully, and against the consent of said plaintiffs, took possession thereof, for the purpose of constructing and operating a railroad," the plaintiffs, in the fourth paragraph, allege as follows:  "That the defendant, the Augusta and Knoxville Railroad Company, before entering upon the premises of the plaintiffs for the purpose of constructing a railroad, did not notify the plaintiffs, or any of them, that the right of way over such premises was, or would be, required for such purpose; nor were the executors of the will of James Tompkins, deceased (under which will plaintiffs claim), so notified, but, on the contrary, the said plaintiffs, as soon as it was ascertained that said railroad would probably extend or run through said premises, and before the defendant, the Augusta and Knoxville Railroad Company, had entered upon the same for the purpose of constructing their said road, some of said plaintiffs formally notified the officers of the said Augusta and Knoxville Railroad, that plaintiffs objected to said Augusta and Knoxville Railroad Company entering upon their said premises for the purpose of constructing their said railroad; and, further, that if it were the purpose of the said Augusta and Knoxville Railroad to enter upon said premises, for the purpose of constructing their said railroad, that before so doing, they (the said Augusta and Knoxville Railroad Company) must proceed in accordance with the requirements of the law.   That said

objections and notice have been wilfully ignored by the defendant, the said Augusta and Knoxville Railroad Company.''

As we gather from the argument in behalf of appellants, the complaint is claimed to be defective upon three grounds: 1st. Because there is no allegation that plaintiffs signified, *in writing*, their refusal of consent for the defendants to enter upon the lands for the purpose of constructing their railroad. 2d. That there is no allegation ''that the plaintiffs have been defeated by the defendants in any endeavor to secure compensation under the statute; in other words, the complaint does not show that the plaintiffs have exhausted the remedy allowed by statute to obtain compensation.'' 3d. Because the complaint shows on its face ''that the defendants did not enter for the deprivation of a right, or for the perpetration of a wrong, but for a lawful purpose, to wit, 'for the purpose of constructing and operating a railroad,' as authorized'' by their charter.

The first ground is based upon the proposition, that, after knowledge by the land-owner of the intention of the railroad company to enter upon his land for the purpose of constructing their road, the land-owner must ''signify, *in writing*, his refusal of consent,'' within the prescribed time, and, if he fails to do so, his consent shall be presumed. Section 1550 of General Statutes provides: ''Whenever any * * corporation shall be authorized by charter to construct a railway * * such * * corporation, before entering upon any lands for the purpose of construction, shall give to the owner thereof * * notice, in writing, that the right of way over said lands is required for such purpose, which notice shall be given at least thirty days before entering upon said lands; and such notice shall be served upon such owner in the same manner as may be required by law for the service of the summons in civil actions. If the owner shall not, within the period of thirty days after service of said notice, signify, in writing, his refusal or (? manifestly a misprint for of) consent, it shall be presumed that such consent is given; and such persons or corporation may, thereupon, enter upon said lands: Provided, however, that the owner of said lands may

be entitled to move for an assessment of compensation in the manner hereinafter directed."

In the next section it is provided, that, if the owner shall signify his refusal of consent, then the corporation requiring the right of way shall apply by petition to the judge of the Circuit wherein the lands are situated for the empanneling of a jury, to ascertain the amount which shall be paid, as just compensation for the right of way required; and, after prescribing the mode of proceeding in such a case, in section 1556 it is declared that, "upon payment of the compensation thus ascertained by a jury, the right of way over said lands, or the use of said lands for the purposes for which the same were required, shall vest in the person or corporation," &c. And then section 1558 provides as follows: "Nothing herein contained shall be construed to prevent entry upon any lands for purposes of survey and location; and if, in any case, the owner of any lands shall permit the person or corporation requiring the right of way over the same to enter upon the construction of a highway without previous compensation, the said owner shall have the right, after the highway shall have been constructed, to demand compensation," &c.

Now, as the Constitution, in art. I., sec. 23, forbids the taking of private property for the use of a corporation, "without the consent of the owner, or a just compensation being made therefor;" and then proceeds, in the same section, to invest the general assembly with power to make laws securing to corporations the right of way over the lands of other persons, but requiring that, in all cases, a just compensation shall "be first made to the owner," it seems to us that whenever a corporation has been invested by its charter with the power to take or condemn the land of another for its right of way or other purposes, it can do so lawfully only in the manner prescribed in sections 1550–59, inclusive; and if a corporation enters upon the land of another in any other way, without his consent, except for the purposes of survey and location, such corporation becomes a trespasser, and may be proceeded against as such. So that the question whether the first ground of the demurrer can be sustained, turns upon the inquiry whether the complaint

contains any allegation that the entry complained of was without the consent of the owners of the land.

Inasmuch as the statute above quoted expressly declares, that if the owner shall not signify, *in writing,* his refusal of consent, it *shall be* presumed that such consent was given, and as there is no allegation in the complaint that the owners of the land did signify, *in writing,* their refusal of consent, it is clear, not only that an allegation essential to the plaintiffs' cause of action is omitted, but we are compelled, by the express terms of the statute, to presume that consent was given; and hence the complaint shows on its face that the plaintiffs have no cause of action, and must be remitted to the remedy provided by section 1558, where the corporation has entered by permission. For while it is true that the complaint does allege that the defendants were, before entry, *formally* notified that plaintiffs objected to such entry, yet that is not an allegation of a fact, but of a mere legal conclusion, and is, therefore, not sufficient. *Tompkins* v. *Railroad Company,* 33 S. C., 216; *Tutt* v. *Railway Company,* 28 *Id.,* 396–7. There is certainly no allegation in the complaint that plaintiffs signified their refusal of consent in the manner expressly required by the statute, in the absence of which, it is expressly declared that consent shall be presumed.

It seems to us, therefore, that the demurrer should have been sustained upon the first ground; but as the complaint does contain an allegation that the defendants entered upon the land after objection made by the plaintiffs, and is deficient only in not alleging that such objection was signified in the manner required by the statute, we think, in sustaining the demurrer, the plaintiffs should be allowed to amend, by inserting in their complaint an allegation, that before the entry was made they signified, *in writing,* their refusal of consent to such entry.

It is true, that there is an allegation in the complaint, that the defendants never notified the plaintiffs that the right of way over their lands was required for the purpose of constructing their railroad, but, as was held in *Verdier* v. *Railroad Company,* 15 S. C., 476, such notice was un-

necessary, where, as is alleged in this complaint, the plaintiffs had knowledge of the intended entry, and failed to signify in writing their refusal of consent, from which failure the statute expressly says it *shall be* presumed that consent was given.

Under the view which we have taken of the first ground upon which the demurrer was rested, it is not really necessary to consider the other two grounds. But, perhaps, with a view to avoid another appeal, it may be as well to consider them now. The second ground seems to rest upon the theory that the remedy by an action to recover possession of real estate, which involves the idea that the defendants are trespassers, is alternative to the proceeding provided for by statute to recover compensation, and that an action like the present cannot be resorted to until it is shown that the remedy provided for by the statute has been exhausted. We cannot accept that view. As we understand it, under the law as it now stands, a corporation has no right, for the purpose of constructing a railroad, to enter upon the land of another (except for the purposes of survey and location) until it has obtained the consent of the owner, or, in case of refusal of consent, until it has taken the proceedings provided for by statute to ascertain what would be just compensation to the owner of the land, and any entry for the purpose of constructing its railroad, before such consent has been obtained, or before the proper proceedings to ascertain what would be just compensation to the owner, is unlawful, and subjects the corporation to liability to be proceeded against as a trespasser. The two remedies are entirely distinct and separate, and the one is not dependent upon the other. We do not think, therefore, that the second ground upon which the demurrer is rested can be sustained.

For a like reason, we do not think the third ground can be sustained after the complaint is amended so as to allege properly that the entry was made without the consent of plaintiffs. It seems to us that the Constitution, read in connection with the statutory provisions above referred to, practically amount to a prohibition of any person or corporation taking possession of the land of another for the purpose of constructing a railroad, or any other purpose (except survey and location), without

first either obtaining the consent of the owner, or, in case of his refusing consent, taking the proceedings provided for by statute to ascertain what would be just compensation.

The judgment of this court is, that the judgment of the Circuit Court overruling the demurrer be reversed, and that the case be remanded to that court, with instructions to sustain the demurrer upon the first ground above stated, with leave to amend, as is hereinabove indicated.