INGLESIDE MFG. CO. v. CHARLESTON LIGHT AND WATER CO.

1. CONDEMNATION—TRESPASS—DAMAGES.—Where a corporation endowed with power to condemn lands enters upon lands of another without his consent, actual or inferred, it is liable to the owner for such damages as he may have suffered by reason of the trespass, but the corporation has the right to condemn at any time after entry, obtain the easement and pay for future damages.

   *Lietzsey* v. *Water Co.*, 47 S. C., 464; *R. R.* v. *Reynolds*, 69 S. C., 481; *Verdier* v. *R. R.*, 15 S. C., 476, *distinguished from this.*

2. IBID.—There is nothing in the act of 1905 to deprive the Charleston Light and Water Co. of right to condemn lands.

Before WATTS, J., Charleston, July, 1906.    Reversed.

Action by Ingleside Mining and Manufacturing Co. and Woodstock Hardwood and Spool Manufacturing Co. against Charleston Light and Water Co. From order granting injunction, defendant appeals.

*Messrs. Miller & Whaley,* for appellant, cite: *Condemnation may be had after entry and possession:* 20 Fla., 616; 8 N. Y. Sup., 151; 3 Watts & S., 460; 67 N. Y., 371; 2 N. Y. Sup., 278; 12 N. Y. Sup., 502; 9 La., 205; 100 Mo., 282; 59 Fed., 29; 9 Allen, 577; 26 L. R. A., 425; 54 L. R. A., 190; 7 Ency. P. & P., 705, 709; 23 Wall, 108; 74 Mich., 466; 28 Fla., 631.

*Messrs. Mitchell & Smith* and *J. Lamb Perry,* contra, cite: *Statute must be strictly followed:* 37 S. C., 382. *Statute inapplicable here:* 59 S. C., 377; 62 S. C., 56; 69 S. C., 507.    *If right is denied, it must first be tried:* 67 S. C., 92; 71 S. C., 457.

February 11, 1907.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.    The Charleston Light and Water Company is a corporation organized under an act entitled

"An act to incorporate the Charleston Light and Water Company," approved February 19th, 1898 (Statutes, vol. 22, page 934), for the purpose, as expressed in said act, "of introducing a water and light supply into the city of Charleston for its public purposes."

The act contains these provisions: "The said corporation may purchase and hold all such real and personal estate as may from time to time be required for its purposes."

"It shall have full power to lease, construct and operate water works, gas, oil, electric or other lightings, heating and power plants."

"The said company shall have full power and authority to take, hold and convey water from any point, from any river, creek, springs or other sources within sixty-five miles of the city of Charleston." "And shall have full power and authority to make canals, build dams, erect locks and lay conduits or tunnels for the conveyance of the said water through, under or along any highway or railroad track or tracks in the country adjacent."

"The said corporation being for public purposes shall have the right to condemn such property and rights of way or water sources as may be necessary to enable the said company, or the corporation organized by it, or with its assistance, to successfully construct, erect and operate the said canals, locks, dams, conduits or tunnels, water works, electric, gas, oil, or other lighting, heating and power plants, on the payment to the owner or owners thereof just compensation, such property, rights of way or water courses to be condemned and such compensation to be determined in the manner now provided by law for the condemnation of lands and rights of way by railroad corporations."

Subsequently, by the following provision of an act passed in 1905, the defendant was specifically authorized to construct and maintain a dam across Goose Creek: "That the right, power and privilege to construct, erect and maintain a dam across said Goose Creek is hereby authorized, granted and given to the said Charleston Light and Water Com-

pany, its successors and assigns: *Provided,* The said Charleston Light and Water Company shall be liable for all such damages as may be established in any Court of competent jurisdiction by any land owner claiming that his land has been damaged by reason of the erection of the said dam: *And Provided, further,* That nothing herein shall impair any navigation or other rights of any riparian owner, other than the closing of said creek, by the construction, erection and maintenance of said dam at said location."

On or about the seventh of February, 1906, the plaintiffs, the Ingleside Mining and Manufacturing Company and the Woodstock Hardwood and Spool Manufacturing Company, instituted separate actions against the defendant, Charleston Light and Water Company, for damages arising from the alleged flooding of a large tract of land, which was owned . by one of the plaintiff corporations, and upon which the other, under a lease, had erected a valuable manufacturing plant. In these actions, the plaintiffs sought, also, to have the defendant enjoined from backing or keeping water on their property. It is important to note that the damages asked in these actions were expressly limited to the year 1905. The defendant answered, setting up its statutory rights and franchises, but admitting the unlawful flooding of a small part of the land.

While these actions were pending, the defendant instituted proceedings under the statute to condemn the property of plaintiffs required for its purposes. To the notice of intention to condemn, plaintiffs responded, denying the right of condemnation; and thereafter, in April, 1906, commenced this action to enjoin the condemnation proceedings, alleging as the grounds for the relief sought: (1) that the purpose of the proceedings was to take away from them "their rights of action for damages already occasioned and still being occasioned by the trespass aforesaid;" and (2) that the defendant had lost its right to institute condemnation proceedings by entering upon and taking possession of the land as a trespasser without first taking steps to condemn in the

manner authorized by law. The defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, in that "the alleged trespass by the defendant upon the lands of the plaintiffs anterior to the proceedings to condemn, the institution of actions at law by the plaintiffs, and the other alleged facts set forth in the complaint, do not prevent the institution of proceedings to condemn by the defendant, nor entitle the plaintiffs to the relief prayed for."

The Circuit Judge overruled the demurrer and enjoined the condemnation proceedings until the determination of the plaintiffs' actions for damages. The appeal is from this judgment.

It is not necessary to inquire, whether the General Assembly could provide that compensation should be made, for the unlawful entry upon and appropriation of the property of another by condemnation proceedings instituted by the trespasser after the commission of the wrong, for no attempt is made in the condemnation statute to authorize a trespass or to provide compensation for it. Unless the entry and occupation of the land is shown to be by consent of the owner, either expressly given or implied from circumstances, the occupant is a trespasser and damages for the trespass may be recovered by an action at law. *Tompkins* v. *R. R. Co.,* 37 S. C., 382, 16 S. E., 149. The cases of *Leitzsey* v. *Water Co.,* 47 S. C., 464, 25 S. E., 744, 34 L. R. A., 215, and *Charleston etc. R. R. Co.* v. *Reynolds,* 69 S. C., 481, 48 S. E., 476, are not opposed to this view, for both of these cases recognize consent to the occupation, either express or implied, as a necessary condition of condemnation when the condemnation was not made before occupation and appropriation. In this case there are no such facts as appeared in *Verdier* v. *R. R. Co.,* 15 S. C., 476, and *Leitzsey* v. *Water Co., supra,* from which consent to the occupation may be inferred. Indeed, the defendant does not allege in his answer to the complaint for damages, that the plaintiffs have ever consented in any way to the flooding

of their property; and its counsel, in argument in this Court, admits the plaintiffs may maintain their actions for the unlawful entry and recover damages for the trespass, including losses which they suffered up to the time when the condemnation proceedings were instituted. The real issue, then, is whether the defendant having entered as a trespasser must wait until pending actions for trespass have been decided, or must vacate the lands by taking the water off, at whatever cost to itself and the inhabitants of the city of Charleston to whom it furnishes water, before it can have assessed the future damages and acquire the easement of overflowing the lands by condemnation. Manifestly nothing but the clearest statutory requirement would warrant a conclusion affecting so injuriously public as well as private interests. There is nothing in the statute requiring such a hardship—a hardship entirely unnecessary for the protection of the rights of the property owners. The people at large are so much concerned in the development of such public service as the defendant corporation has undertaken, that the statute which allows it to condemn should be given a liberal construction, and held to embrace every condition that can possibly be brought within its terms, so long as private rights are adequately protected. The reasonable and just view is, that the illegal entry entitles the owner of the land trespassed upon to recover damages for the trespass in an action in any Court of competent jurisdiction; but subject to its liability in such action for the trespass, the corporation has the right to institute condemnation proceedings to obtain the necessary easement and ascertain the future damage to the property just as if it had not trespassed. The verdict of compensation, in an action for damages for the unlawful entry and its injurious results up to the time of the commencement of condemnation proceedings, is all the owner can ask, and when his right to this verdict is reserved, he has no ground to complain that condemnation should proceed as if there had been no trespass.

The cases in other jurisdictions, without exception, favor this conclusion. It is true, no doubt, that the condemnation statutes vary in the several States where the question has arisen, but we think it will be found, that in none of them is there any attempt to authorize occupation of land of another before condemnation, or an express provision for condemnation after such unauthorized occupation. Hence there is not apparent any such variance from the terms of our statutes as to weaken the force of the cases cited below. *Corey* v. *R. R. Co.* (Mo.), 13 S. W., 346; *Rigney* v. *Tacoma L. & W. Co.*, 26 L. R. A., 425; *Newwhatcom* v. *Land Co.*, 54 L. R. A., 190; *Secombe* v. *R. R. Co.*, 23 Wallace, 108; *Grand Rapids etc. R. R. Co.* v. *Cheeseborough* (Mich.), 42 N. W., 66; *T. & K. W. Ry. Co.* v. *Adams* (Fla.), 14 L. R. A., 533.

The act of 1905, conferring specifically on the defendant water company authority to construct and maintain a dam across Goose Creek does not affect the question. The provision therein contained that the water company "shall be liable for all such damages as may be established in any Court of competent jurisdiction by any land-owner claiming that his land has been damaged by reason of the erection of the said dam," imposed no new liability on the water company and conferred no new right on the land owner. The liability for damages, recoverable in any Court of competent jurisdiction, for flooding the lands of another without condemnation, as we have seen, existed before the statute was passed; and there is certainly nothing in this statute indicating an intention to deprive the water company of the right of condemnation.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the injunction dissolved without prejudice to the plaintiffs to recover in their actions in the Court of Common Pleas, such damages for any trespass on their property and consequent injury to them up to the time the condemnation proceedings were instituted, as are within the purview of the complaint, and not recoverable

under the condemnation proceeding; and without prejudice to any right the plaintiffs may have to apply for injunctions against the defendant in aid of the collection of any judgments they may recover in such actions.