### 7608

### BRIDGES v. SOUTHERN RY.

RAILROAD RIGHT OF WAY—PURCHASER OF REMAINDERMEN.—The purchaser of a tract of land at partition sale among the remaindermen after falling in of life estate cannot recover compensation of a railroad company for damages to the land arising from a right of way located thereon during the life of the life tenant.

Before ERNEST MOORE, Special Judge, Lancaster, October, 1909.   Affirmed.

Action by John A. Bridges against Southern Railway. From judgment for defendant, plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: 69 S. C., 502, 378; 61 S. C., 236; 62 S. C., 56; 63 S. C., 378; 21 S. C., 420.

*Messrs. E. M. Thompson* and *Chas. D. Jones,* contra, cite: 59 S. C., 371; 61 S. C., 236; 69 S. C., 481; 11 Rich., 91; 15 S. C., 481; 15 Cyc., 795-6; 13 Am. R., 681; 38 S. E., 81; 28 S. C., 388; 62 S. C., 516; 10 Ency., 1144, 1189; 108 Mass., 208; 13 S. W., 128.

July 11, 1910.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   In 1868 the owner of a tract of land conveyed it to her son for life, with remainder to his children.   About 1888, during the life of the son, a railroad, now operated by defendant, was built through the

tract. The life tenant died in 1906. In 1907 the land was sold, by order of Court, for partition amongst his children, and bought by plaintiff, who brought this action to recover compensation for the use by defendant of the right of way. The Circuit Judge directed a verdict for defendant.

On the death of the life tenant, his children had the right to compensation for the right of way, and the damages caused by the construction of the railroad through their land. *Cureton* v. *R. R. Co.*, 59 S. C., 371, 37 S. E., 914; *Trimmier* v. *Darden,* 61 S. C., 220, 39 S. E., 373; *Railway* v. *Reynolds,* 69 S. C., 481, 48 S. E., 476. But the plaintiff, to whom the fee was conveyed, burdened with the apparent easement, has not that right. He bought the land subject to the easement. The right to compensation for the easement was, at the time of the conveyance, in the owners of the land, and was not conveyed by the deed. It was a right personal to them—a mere chose in action—a right which they could and may have waived. The same question was decided adversely to appellant's contention in *Lewis* v. *R. R. Co.,* 11 Rich., 91. The Courts of other States are practically unanimous in their decisions to the same affect, as will be seen by reference to the cases cited in the notes to 11 A. & E. Enc. L. (2 ed), 1189, and 15 Cyc., 796.

Judgment affirmed.