8024

## NORTHWESTERN RAILROAD CO. v. COLCLOUGH.

1. APPEAL.—In a case where trial by jury of legal issues has been waived, this Court on appeal cannot review findings of fact upon the legal issues where there is any legal evidence to sustain them.

2. REMAINDERMAN.—WHERE A RAILROAD COMPANY OBTAINS A GRANT OF A RIGHT OF WAY FROM A LIFE TENANT and goes into actual possession of part, upon death of life tenant remaindermen can only obtain compensation for so much of the easement granted as is included within the right of way it could have condemned under its charter.

3. RAILROADS—RIGHT OF WAY.—Where the transferee of the trustee of such remaindermen brings suit to enjoin the use of such easement he can only recover for the use after the date of the transfer in absence of proof of assignment or transfer by remaindermen of their right to recover.

4. IBID.—IBID.—INJUNCTION.—Such transferee is not entitled to have the railroad company enjoined from using so much of the easement as is included within the right of way it may have condemned under its charter.

Before PRINCE, J., Clarendon, November term, 1910. Modified.

Action by Northwestern Railroad Company of South Carolina against Samuel M. Colclough. Defendant appeals.

*Messrs. J. J. Cantey* and *Charlton DuRant,* for appellant, cite: *Courses and distance govern in case like this:* 57 N. W. 11; 3 Pet. 92; 65 Am. Dec. 334; 42 Conn. 69; 5 Cyc. 923; 53 Tex. 496; 17 Mass. 207; 72 N. Y. 94; 59 S. C. 115; 37 S. C. 240. *First taker had a life interest only:* 82

S. C. 541; 9 S. E. 804; 16 S. C. 545; 7 S. C. 53. *When deed may be considered execution of a power:* 48 S. C. 516; 126 Ga. 232. *Doubtful boundary line may be fixed by parol:* 136 U. S. 651; 4 Wheat. 513; 8 Ency. 83. *Enjoining defendant from committing acts of ownership was unlawful:* 144 U. S. 119; 4 S. C. 388; 27 S. C. 408. *If a will is a doubtful execution of a power, it will be construed as not doing it:* 14 S. C. 540; 16 Ency. 203. *Acceptance under grant estopped railroad from claiming under its charter:* 24 S. C. 60; 84 S. C. 427; 207 U. S. 79; 59 S. C. 371; 69 S. C. 481. *A deed by an individual does not estop him acting in a representative capacity:* 16 Cyc. 712; 68 Ga. 490; 73 Ga. 749; 114 La. 699. *Wife may appoint her husband trustee under marriage settlement:* 39 Fla. 603; 30 Ga. 446; 4 A. & E. Am. Cas. 405. *Statute would not begin to run until death of life tenant:* 82 S. C. 535; 86 S. C. 267. *Plaintiff should not recover on imperfection of defendant's title:* 56 S. C. 274. *Fee vested in trustee:* 78 S. C. 143; 78 S. C. 335; 16 S. C. 545.

*Messrs. Purdy & O'Brien,* contra, cite: *Use of track is notice of possession:* 85 S. C. 135. *After entry under grant from life tenant, the remainderman can only get compensation:* 21 S. C. 421; 59 S. C. 371; 69 S. C. 481. *Finding that plaintiff is entitled to one hundred feet on each side is equivalent to finding by jury:* 42 S. C. 138; 67 S. C. 35; 12 S. C. 270. *Use of track is notice of ownership:* 67 S. C. 499.

November 1, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This is an appeal from a judgment upon the merits in the same action in which preliminary injunctions were granted as reported in 84 S. C. 37, 65 S. E. 950.

A trial by jury of the legal issues being waived and the cause having been heard upon the merits, a decree was rendered adjudging that the strip of land in controversy had been appropriated to railroad uses for a right of way for the plaintiff's railroad, under a grant of the said land from the owner of the life estate therein, and perpetually enjoining and restraining the defendant from further interference with the use by the plaintiff of the said right of way, one hundred feet wide on each side from the center of plaintiff's track, over and upon the land described in the complaint. By this decree, however, the defendant was granted leave to move his fences and buildings from the said strip of land, within twenty days after notice of the filing thereof.

The defendant has appealed upon numerous exceptions, involving questions both of law and fact. In so far, however, as the appeal seeks a review of the findings of fact by the trial Judge upon the legal issues in the case, it must be held that this Court has no power to reverse such findings unless there be no legal evidence to sustain the same. *Wallace* v. *Orangeburg,* 37 S. C. 359. As such evidence appears in support of all of the said findings, it follows that the only questions raised by the appeal now for determination are the questions of law made by the exceptions.

Briefly it may be stated that the evidence established a grant, about the year 1888, made upon valuable consideration by the life tenant of the strip of land here in question to the grantor of the plaintiff for railroad purposes, and an occupation thereof by the plaintiff railroad company for its use as a right of way for some period of time, the length of which is not clearly stated, prior to the taking possession of a part thereof by the defendant in the year 1904. Notwithstanding the grant by the life tenant was duly recorded in the year 1889, the life tenant and her husband, the latter being then trustee for the remaindermen and being invested with a power of sale under the trust

deed, undertook to convey to the defendant in the year 1904 certain lands adjoining the track and right of way of the plaintiff, the description thereof calling for a measurement in feet which would include the right of way in part, although the deed calls for the right of way as a boundary. At some date subsequent to the deed of 1904, the life tenant being dead, the defendant erected certain buildings and fences, either wholly or partly within the limits of the grant of the right of way aforesaid.

The finding of the Circuit Court as matter of fact is that a right of way was laid out and appropriated to railroad uses, one hundred feet in width on each side of the track of the plaintiff railroad company, in pursuance of the grant of the life tenant, and subsequently it is further found that the plaintiff was in the possession and use of such right of way, actually as to part and constructively as to the remainder, at the time of the entry and possession taken by the defendant. The land in question having thus been granted by the life tenant and appropriated and used by the railroad company for a right of way, during the lifetime of the life tenant, the only right which was left in the remaindermen or in either trustee, in so far as concerns any part of said lands which could legally be condemned for a right of way, was a right to compensation, upon the death of the life tenant, for any land belonging to them which had been so appropriated to railroad uses in accordance with the rights conferred by the charter under which the same was taken. The defendant, as grantee of the remaindermen or of their trustee, could not recover any part of the land so dedicated to railroad uses, so far as the same was authorized by the charter to be taken for a right of way, and the defendant had no right to take possession of any part thereof so dedicated in accordance with such charter, so as to interfere with the right of easement held by the plaintiff therein, even if the same could be shown to be embraced within the limits of the defendant's deed. *Bridges* v. *R. R.*, 86 S. C. 267, 68 S. E. 267; *Tomp-*

*kins* v. *R. R.*, 21 S. C. 421; *Railway* v. *Reynolds,* 69 S. C.
481, 48 S. E. 416; *Cureton* v. *R. R.*, 59 S. C. 371, 37 S. E.
914.

It appears, however, that by the terms of its charter, the
railroad company was only authorized to condemn for the
purpose of its right of way a strip of land extending on each
side of the center of its roadbed a distance of seventy-five
feet.    While, therefore, it had the right, no doubt, to accept
a grant for a greater width, its power of condemnation under
its charter only extended to a distance of seventy-five feet
from its roadbed.    Hence it follows that, after the death of
the life tenant, as against the defendant who is the grantee
of the remaindermen, it could only claim an appropriation of
the strip of land here in question to the extent of seventy-five
feet in width thereof on each side of the center of such road-
bed, since that is the limit of its right to condemnation; and
it has no easement, therefore, as against the defendant in any
part of the said strip of land beyond the limits just men-
tioned.

It must be concluded, therefore, that any estate acquired
by the defendant in the premises, by the deed of 1904, was
subject to the easement previously granted to and then being
used by the plaintiff company, so far as concerns that portion
of the land in question which is embraced within the strip
extending seventy-five feet on each side of the center of the
roadbed of the plaintiff, and which it had the right to hold
as a right of way, notwithstanding the death of the life
tenant, subject to the right of the remaindermen to demand
compensation for their interest in the same.    As, however,
it was not shown that there had been any assignment or
transfer to the defendant or any right to compensa-
tion to which the remaindermen or their trustee may
have been entitled, it follows that the defendant
would not have the right to recover any such compensation
from the plaintiff for any appropriation of the land in ques-
tion to railroad uses prior to the acquisition of title by the

defendant.    See *Bridges* v. *R. R.,* 86 S. C. 267, 68 S. E.
551.

For the reason stated, there was no error in enjoining and
restraining the defendant, his agents and servants, from in
any manner interfering with the plaintiff, its agent or serv-
ants, in exercising its right to the use of said strip
of land for railroad purposes, in so far as concerns
that portion of the land which is embraced within the
limits of seventy-five feet on each side of the center of the
roadbed of the plaintiff's railroad.    But there was error in
granting such injunction in so far as regards that part of
the lands beyond the limits just mentioned, for the reason
that the plaintiff has a grant only of the life estate therein
which has terminated by the death of the life tenant and has
no power of condemnation under its charter beyond the
limits of the seventy-five feet on each side from the center
of the roadbed.

There are no considerations presented by any of the excep-
tions or urged in argument which would warrant a different
conclusion from that just announced.    The fact, if it be a
fact, that the defendant may have a right to condemnation
for the use of such right of way by the plaintiff, upon a
proper showing to that end, does not in any degree deprive
the plaintiff of the right to such injunction, at least until the
defendant's right to compensation, if it exists, shall have
been made to appear.    It may be added, with reference to
the third exception, that there was no adjudication by this
Court, at the former hearing, upon any question as to the
merits at issue in this case, but there was merely a determi-
nation as to the right to a temporary injunction to preserve
the *status* and as to the right of possession *pendente lite.*

Without further reference to the points made by the sev-
eral grounds of appeal, all of which have been duly consid-
ered and must be overruled, either for the reasons already
stated or because they do not affect the result, the conclusion
has been reached that the judgment of the Circuit Court

should be modified in the particular above mentioned and in all other respects that the same must be affirmed.

It is, therefore, ordered that the Circuit judgment be modified in accordance with the terms of this opinion and that the cause be remanded to the Circuit Court for such action as may be necessary to conform the Circuit judgment to the conclusions herein announced.