## 10085

#### CAYCE LAND CO. ET AL. v. SOUTHERN RAILWAY CO.
#### SAME v. SOUTHERN RAILWAY CO. ET AL.

##### (96 S. E. 725.)

1. EMINENT DOMAIN—STATUTES—"OWNER."—The word "owner" as used in statutes authorizing condemnation for railroad purposes does not necessarily mean the owner of the legal title, but refers to party in possession and having control of the land.

2. EMINENT DOMAIN—ENTRY ON LAND—CONSENT OF PERSON IN POSSESSION.—Where entry is made on land taken for railroad purposes with express or implied consent of person in possession, and having control of the land, the railroad company is not a trespasser.

3. EMINENT DOMAIN—ENTRY ON LAND—TRESPASS—OWNER'S CONSENT.—A corporation, having power to condemn lands for a public purpose, who takes possession of land for such purpose without express or implied consent of owner, becomes a trespasser.

4. EMINENT DOMAIN—ENTRY WITHOUT CONSENT—EJECTMENT.—Where a corporation, having power to condemn land for public purposes, takes possession of land for such purpose without consent of owner, the corporation, although liable as trespasser, cannot be ejected as ordinary trespasser and may retain possession.

5. EMINENT DOMAIN — ENTRY WITHOUT CONSENT — COMPENSATION.— Where a corporation, having power to condemn land, enters upon land without owner's consent, the amount to which owner is entitled, upon corporation remaining in possession of land, is to be ascertained by statutory method of determining compensation for condemnation where compensation is not denied, and by a jury in an action in the Court of Common Pleas when compensation has been denied, but case adjudicated in owner's favor.

6. EMINENT DOMAIN — REMEDY OF OWNER — COMPENSATION—PROCEEDINGS.—Where owner of legal title or of an estate in less than the fee is in possession of land at the time it is taken for public use, such owner is bound by the statute under which the land is taken, and must apply for compensation in the manner and within the time therein prescribed for an assessment of compensation or he will be barred.

7. EMINENT DOMAIN—CONSENT TO ENTRY BY LIFE TENANT—RIGHTS OF REMAINDERMAN.—Consent of life tenant in possession of land to entry of corporation upon land for public purpose will not bind or estop ·remainderman from obtaining compensation for their interests after the termination of the life estate.

8. EMIENT DOMAIN — PROCEEDINGS — PARTES.—Public service corporation, in order to acquire an indefeasible title to its easements or other property against the claims of all persons interested therein, ʼhould proceed in the manner prescribed by law, making all persons having a present or prospective interest therein parties to a condemnation or other proceeding by which they will be bound.

9. REMAINDERS—ACTION BY REMAINDERMEN—LIMITATION.—Where railroad took possession of land under grants from life tenant and some remaindermen, possession thereunder for more than 40 years did not bar the right of other remaindermen to compensation upon termination of life estate; the cause of action for such compensation not arising until life tenant's death.

10. EMINENT DOMAIN — ACTION FOR COMPENSATION — LIMITATIONS—REMAINDERMEN "OWNER."—Charter of Columbia & Augusta Railroad Company, section 20, creating presumption that land on which road was built was granted to company by owner unless application for assessment was made within a year following completion of road, and barring recovery of compensation upon failure to so apply, did not bar remaindermen's right to compensation upon life tenant's death; remaindermen not in possession not being "owner" within the charter.

11. EMINENT DOMAIN—POSSESSION UNDER GRANTS FROM LIFE TENANT—
REMAINDERMEN's RIGHTS.—Land used by railroad under grants from
life tenant and some of remaindermen cannot be recovered by other
remaindermen upon termination of life estate, where the land could
have been taken by condemnation; the right of remaindermen being
recovery of compensation, and not the land itself.

12. EMINENT DOMAIN—COMPENSATION—TIME OF VALUATION—REMAIN-
DERMEN.—Where railroad is in possession of land under grants from
life tenant who was in possession at time of railroad's entry thereon,
the compensation to which remaindermen are entitled upon termina-
tion of life estate should be based upon the value of the property at
the time of the taking, and not its value at life tenant's death.

Before DeVore, J., Lexington, August, 1917. Modified
and remanded.

Actions by the Cayce Land Company and others against
the Southern Railway Company, and by the same plaintiff
against the same defendant and another. From the decree
for plaintiffs in both cases, defendants appeal.

*Messrs. B. L. Abney, Geo. B. Cromer* and *C. M. Efird,*
for appellant, submit: *Are plaintiffs entitled to recover the
possession of the land, and if not, at what time should the
valuation of the land be ascertained in determining the
amount to be paid by the appellant for the damages due the
plaintiffs?* 21 S. C. 420, 431; 28 S. C. 388; 38 S. C. 34; 37
S. C. 382; 59 S. C. 371; 61 S. C. 220; 69 S. C. 481; 91 S. C.
243. *As to the first case, the defendant is protected by the
presumption authorized by the terms of its charter:* 13 Stat.
171, sec. 20; 103 S. C. 510; 105 S. C. 84. *As to the first
case, the Cayce Land Company, plaintiffs, claim as grantees
of remaindermen, and take subject to the easement of the
railway company in possession:* 89 S. C. 558; 86 S. C. 267.
*As to both cases, the defendants plead the bar of more than
forty years:* 40 S. C. 168. *As to both cases, any damage to
which the plaintiffs may be entitled, should be assessed as
of the time of the entry with interest from that date:* 21 S.
C. 420-431; 37 S. C. 382; 59 S. C. 371; 69 S. C. 481; 1
Nicholson Eminent Domain (2d Ed.), p. 341.

*Messrs. Lyles & Lyles* and *George Coffin Taylor,* for respondents. *Messrs. Geo. C. Taylor* and *Wm. H. Lyles* cite: *As to the right of plaintiffs to recover possession of the lands in controversy and to recover damages for the withholding thereof:* 69 S. C. 481-507; 63 S. C. 348; 41 S. E. 451; 69 S. C. 519; 76 S. C. 99. *As to the burden of proof being on the defendant to show that its entry upon the lands in controversy, was with the knowledge of and notice to the parties now holding the estate:* 103 S. C. 510; 105 S. C. 327; 105 S. C. 84; 94 S. C. 243; 105 S. C. 85; 103 S. C. 510; 88 S. E. 287.

September 4, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiffs brought these actions to recover possession of two strips of land, now occupied by defendants as railroad rights of way, or, in the alternative, to recover compensation for the use thereof by defendants. Both strips are on the same tract, which is now owned by plaintiffs as tenants in common. One of these strips was taken by the Columbia and August Railroad Company about the year 1867, and the other by the Carolina Midland Railroad Company about the year 1899. Both were taken while the tract was in the possession of a life tenant, or, rather, in possession of persons holding under the life tenant. The railroads named were and are different railroads, built at different times across different parts of the tract; but both roads are now in possession of and are being operated by Southern Railway Company, one as owner and the other as lessee.

The Cayce Land Company is the grantee of all the right, title and interest of some of the remaindermen in and to the land, and the assignee of their right to compensation for said rights of way, having acquired their said interests before the falling in of the life estate, which occurred in 1915. The other plaintiffs are the heirs of one of the remaindermen.

The details of the devolution of the title and interests in the premises to the present parties in interest (plaintiffs and defendants) are not material to the issues. The taking in each case was by authority conferred upon the railroad company by the legislature, under the State's power of eminent domain. In neither case was there any condemnation proceeding, or notice to the remaindermen of the taking, nor did the remaindermen consent thereto. These facts are established by the findings of the Circuit Court. But, in the first case, the Southern Railway Company obtained a deed conveying the right of way from the person in possession holding under the life tenant many years after the railroad had been in operation; and, in the second case, such a deed was obtained by the Carolina Midland Railroad Company at or about the time the road was built. In each case, plaintiffs allege that they are owners, as tenants in common, of the fee, and that the entry and taking had been without notice to them, or their predecessors in title, and without their consent, and that they are, therefore, entitled to immediate possession of the strip, together with the value of the use thereof since the death of the life tenant; but, if the defendant wishes to retain the said strip of land for railroad purposes, they are willing to convey the same upon being paid adequate compensation therefor on the basis of the present value thereof, together with interest thereon from the death of the life tenant.

Defendants denied plaintiffs' right to compensation in each case. In the first case defendants relied upon the presumption created by section 20 of the charter of the Columbia and Augusta Railroad Company (13 Stat. 206), and, also, upon its possession for more than 40 years under the statutes of limitations. In the second case the defendants relied upon the presumption of title to the easement under the statutes in force at the time of the taking, authorizing the condemnation of rights of way for railroad purposes and the limitation created by the statute; and also on adverse

possession in themselves and their predecessors in title for more than 40 years. In both cases defendants contended that the conveyance of the remaindermen's right, title and interest in the land did not carry their right to compensation, under the authority of *Bridges v. Railway,* 86 S. C. 267, 68 S. E. 551, Ann. Cas. 1912a, 1056. The defenses were all overruled, and judgment was rendered for plaintiffs in accord with their contention, the Court holding that plaintiffs in each case were entitled to recover compensation for the strip of land in question, based upon its present value, together with interest thereon from the death of the life tenant; or, if defendants refused to settle upon that basis, then plaintiffs are entitled to judgment for the possession of the land itself, together with the value of the use thereof since the death of the life tenant.

Section 20 of the charter of the Columbia and Augusta Railroad Company (13 Stat. 206) provides, in substance, that, in the absence of any contract with the company, signed by the owner thereof or his agent, or any claimant or person in possession thereof, it shall be presumed that the land upon which the road was built, together with 65 feet on each side of the center thereof, was granted to the company by the owner thereof, unless the owner at the time of the completion of the road, or those claiming under him, should apply for an assessment of value within one year after the completion of the road, and, in case of failure to so apply, the owner, and those claiming under him, shall be forever barred from recovering the land, or from having any assessment of compensation therefor, saving the rights of *femes covert* and infants, until two years after disabilities removed.

The word "owner," as used in the statutes authorizing condemnation of lands for railroad purposes, does not necessarily mean the owner of the legal title to the land, but the party in possession and having control of the land at the time of the taking for railroad purposes is the "owner" in the sense in which that word is used in the

statutes, at least for the purpose of giving consent to the entry. It follows that, where the entry is made or the land is taken for such purposes with the consent, express or implied, of such an "owner," the railroad company is not a trespasser, and cannot be proceeded against as a trespasser. *Tutt v. Railway*, 28 S. C. 388, 5 S. E. 831; *Tompkins v. Railroad Co.*, 21 S. C. 420; *Railway v. Scott*, 38 S. C. 34, 16 S. E. 185, 839; *Moore v. Railway*, 94 S. C. 243, 77 S. E. 926.

Where a corporation having power to condemn lands for a public purpose takes possession of the lands of another for such purpose, without consent of the owner, express or implied, it becomes a trespasser; and, while it may be made liable in damages for the trespass, it does not necessarily follow that it may be ejected as an ordinary trespasser, for, if it would have the right to take the land under condemnation proceedings, if the parties in interest have stood by and allowed the corporation to incur expense in the construction of the railroad without objection, it may retain possession, provided due compensation for the taking is made to the owner—the amount thereof to be ascertained in the method provided by the statute, if the right to compensation is not denied, or by the verdict of a jury in an action in the Court of Common Pleas, when the right to compensation has been denied, but adjudicated in favor of the owner. *Ingleside Mfg. Co. v. Charleston Light & W. Co.*, 76 S. C. 95, 56 S. E. 664; *Railroad Co. v. Colclough*, 89 S. C. 555, 72 S. E. 494.

When the owner of the legal title is in possession of the land at the time of the taking, he is bound by the terms of the statute under which the land is taken and must apply in the manner and within the time therein prescribed for an assessment of compensation, or he will be barred; and the same may be said as to the owner of an estate in less than the fee, if he is in possession at the time of the taking. But where the person in possession is not

the owner of the legal title in fee, but has a less estate or interest, as, for instance, a life estate, notwithstanding his consent to the entry and taking by the corporation will be sufficient to keep the corporation from being a trespasser it will not bind or estop the remaindermen from obtaining compensation for their interests after the termination of his estate. Hence it has been uniformly held that the deed of the life tenant conveying the easement or his failure to demand compensation does not bar the remaindermen, for the life tenant cannot convey, or lose by his acquiescence or laches, any greater interest than he has in the land. And, therefore, it has also been held that the statute of limitations does not begin to run against the remaindermen until the termination of the life estate. *Railway v. Scott,* 38 S. C. 34, 16 S. E. 185, 839; *Cureton v. Railway Co.,* 59 S. C. 371, 37 S. E. 914; *Railway v. Reynolds,* 69 S. C. 481, 48 S. E. 476; *Railroad Co. v. Colclough,* 89 S. C. 555, 72 S. E. 494.

If a public service corporation would acquire a perfect and indefeasible title to its easements or other property against the claims of all persons interested therein, it should proceed in the manner prescribed by law, by making all persons having a present or prospective interest therein parties to a condemnation or other proceeding by which they will be bound. Remaindermen and other owners of deferred or contingent interests in property are entitled to notice and a hearing before they can be deprived of their interest or their right to compensation therefor.

It follows that the Circuit Court was right in holding that plaintiffs are not barred by the statute of limitations, nor by the provisions of section 20 of the charter of the Columbia and Augusta Railroad Company. No doubt the presumption created by that section would have been sufficient to bar the "owner," in the sense in which that word is used as above defined, if he or any claiming under him had applied for compensation after the time prescribed in the section had elapsed. And, as the then

"owner," being the person holding under the life tenant, had the right to consent to the entry, and the remaindermen had no cause of action for compensation, until after the death of the life tenant, it follows, according to the principles above stated and announced in the previous decisions of this Court, that the plaintiffs are not barred.    Nor are they hampered by the decision in *Bridges v. Railway,* 86 S. C. 267, 68 S. E. 551, Ann. Cas. 1912a, 1056, which holds that the purchaser of a tract of land at sale for partition amongst the remaindermen, after the termination of the life estate, cannot recover compensation for the right of way of a railroad built thereon during the life of the life tenant.    That case differs from this in two material respects.    There, the plaintiff's title was acquired after the termination of the life estate, and, therefore, after the right to compensation had become vested in the remaindermen, and it was a right personal to them—a mere chose in action—which they could waive, and, as it had not been assigned to plaintiff, it was held that he could not recover.    But, here, some of the plaintiffs are remaindermen and the other plaintiff, the Cayce Land Company, acquired all the right, title and interest of the other remaindermen in the land before the termination of the life estate, and before the right to compensation became vested. Besides, the record shows that the right to compensation for the easements in question was specifically assigned to the Cayce Land Company by the remaindermen whose interests it acquired.

In several cases, this Court has held that, in cases like this, the plaintiffs may recover compensation, but they have no right to recover the land itself, or at least so much of it as has been or may have been lawfully taken under the power of condemnation for a public purpose.    The right of the owner is subordinate to the right of the public.    *Ingleside Mfg. Co. v. Charleston L. & W. Co.,* 76 S. C. 95, 56 S. E. 664; *Railroad Co. v. Colclough,* 89 S.

C. 555, 72 S. E. 494. It follows that the Court erred in holding that plaintiffs could recover the land itself.

The Court erred also in holding that the compensation to which plaintiffs are entitled must be based upon the present value of the land. As we have already seen, the defendants' predecessors in title were not trespassers, but entered and built their railroads with the consent, actual or presumed, of the then "owner" of the land, and, as they were vested with power to condemn the rights of way which were taken, they were entitled to take them at a compensation based upon the value of the land at that time. If compenstaion had been awarded to the plaintiffs' predecessors in title at the time of the taking, it would have been based upon the value of their interest in the land at that time; but it was not done then, and, as the payment of their compensation has been deferred until the present time, it should still be based upon the value of their interests in the land at that time, with interest thereon from that time until it is paid. That was expressly decided to be the correct basis of assessing compensation in a similar case. See *Railway v. Reynolds,* 69 S. C. 481, 48 S. E. 476, which is directly in point.

The judgment of the Circuit Court is modified to conform to the views herein announced, and the case is remanded for further proceedings not inconsistent therewith.

Modified.