CURETON v. SOUTH BOUND R. R. CO.

1. RAILROADS—RIGHT OF WAY—COMPENSATION.—Where a railroad company serves notice on land owner that it requires a right of way through his land, and notice in writing refusing such consent is served on the company, and it takes no steps to condemn, the owner may bring his *action* to try his *right* to, and *amount* of compensation.

2. IBID.—IBID.—IBID.—REMAINDERMEN.—Where a railroad company obtains a right of way from life tenant, and serves notice on remaindermen, but takes no steps to condemn after service on it of their refusal of consent, after falling in of life estate, such remainder may bring *action* for *compensation*.

Before TOWNSEND, J., Kershaw, September, 1900. Affirmed.

Action by Josephine E. Cureton and her co-remaindermen against South Bound Railroad Co. for compensation for right of way. From order overruling demurrer, defendant appeals.

*Messrs. Wm. H. Lyles* and *Wm. M. Shannon,* for appellant, cite: *Party in possession could consent to entry:* 38 S. C., 34; 21 S. C., 431. *Plaintiffs should have proceeded under the statute:* Rev. Stat., 1743, 1744; 15 S. C., 384; 5 Rich., 597; 11 Rich., 245; 1 Am. R. Cases, 163; 11 Mass., 364; 12 Mass., 446; 4 Wend., 667; 28 S. C., 388. *Defendant not being a trespasser, this action cannot be maintained:* 58 S. C., 532.

*Messrs. T. J. Kirkland* and *M. L. Smith,* contra. The former cites: *Life tenant does not so completely fall under term "owner" as to bind remaindermen:* Con., art. IX., sec. 20; 38 S. C., 34; 31 S. C., 91; 50 S. C., 514; 56 S. C., 192; 16 S. C., 365; 28 S. C., 388; 21 S. C., 420. *Plaintiffs having refused their consent cannot condemn under statute:* 42 S. C., 431. *Railroad may take restricted grant:* 15 S. C., 10. *Defendant denying plaintiff's right to compensation,*

*deprives plaintiff of proceeding under statute:* 42 S. C., 431; 38 S. C., 308; 14 S. E. R., 142; 37 S. C., 382.

March 6, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   As the appeal herein is from an order overruling a demurrer to the complaint, it will be necessary to refer to the allegations thereof, which are as follows: 1. The first paragraph merely alleges the corporate existence of the defendant.   "2. That on or about August 19, 1899, the defendant served upon the plaintiffs herein (except Josephine E. Cureton) a written notice, of which the following is a copy: 'South Carolina—Kershaw County. *Ex parte* the South Bound Railway Co.   Take notice that the South Bound Railway Co. will require a right of way for the construction of its railway through your lands * * * (describing same).'   3. That on or about September 18, 1899, in response to above notice, the plaintiffs served upon the defendant company a written notice objecting to the entry of the company upon the said lands without compensation for the required right of way.   4. That despite plaintiffs' written objection the defendant proceeded without making any compensation to plaintiffs, without any agreement with them, and without any condemnation of the right of way, to construct their railway through said lands, and at this date have completed same except some work upon the river bridge now in progress.   5. That at the time of the entry of the defendant upon said lands for the construction of its road, and until January 3d, 1900, C. O. Witte, Esq., of Charleston, S. C., was in possession of said lands as tenant of an interest therein for the life of C. B. Cureton (father of the plaintiff herein), the said C. O. Witte having acquired the life estate of the said C. B. Cureton, and the plaintiffs (except Josephine E. Cureton) were entitled upon the expiration of the said life estate, as remaindermen in fee simple under and by virtue of the will of Joseph Cunningham, whereby said lands were devised to C. B. Cureton for

life, and at his death 'to the issue of his body living at the time of his death.' 6. That on or about November 14th, 1899, whilst the construction of said railway through said lands was in progress, the plaintiff, Josephine E. Cureton, received from the plaintiffs named herein a deed of conveyance of their interest in said lands, the plaintiffs, Hannah B. Cureton and Evarard B. Cureton, who appear by their guardian *ad litim,* J. C. Cureton, being as they are still minors under age of twenty-one years. 7. That said C. B. Cureton departed this life January 3d, 1900, before completion of the railway through said lands; whereupon the fee simple title in said lands vested in the plaintiffs above named and their grantee, Josephine E. Cureton. 8. That as plaintiffs are informed and believe, that said C. O. Witte, by instrument in writing of date August 31st, 1899, released to the said defendant company 'to the extent of his ownership therein,' a right of way through said lands, and that under said release defendant claims and occupies a right of way through said lands 100 feet wide and about 7,000 feet long. 9. That defendant has thus occupied a strip through said land of the dimensions aforesaid (100 feet wide and about a mile and a half long), having constructed their track thereon, having made cuts and embankments and trestles, rendering unfit for cultivation, pasturage or other use some fifteen acres, having obstructed the communication between various parts of the said lands and the drainage, and have thus divided the land into very inconvenient shape, to the damage of the plaintiff $1,500. 10. That although requested by plaintiffs, the defendant has declined to make any compensation to these plaintiffs for the right of way through their lands or for the damages done thereto. Wherefore, plaintiffs pray judgment against defendant for $1,500, for the costs of this action, and such other relief as may be meet and proper." This complaint and the summons attached to it are dated 13th April, 1900.

The defendant moved to dismiss the complaint on the ground that the Court was without jurisdiction to hear the

case: "I. Because the plaintiffs are confined to the remedy provided by a statute in such cases. 2. Because a proceeding has been commenced under the statutes (as appears by the complaint) and is now pending, under which the rights of plaintiffs can be determined." The defendant also moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of·action: "I. Because the allegations of said complaint do not state that the defendant is a trespasser on the lands covered by its right of way. 2. Because the allegations of the complaint do state that the defendant occupied the land covered by its right of way under a release executed to it by C. O. Witte, who was then in possession of said land."

The Circuit Judge, by an order dated 13th September, 1900, refused to dismiss the complaint, whereupon the defendant appealed upon the following exceptions: "I. Because his Honor should have held that the complaint showing that defendant had taken possession of the right of way across plaintiffs' lands and proceeded with the construction of its road-bed under the right conferred upon it by charter, the plaintiffs are confined to the remedy provided by statute in such cases for an assignment of the valuation of the right of way. 2. Because, it appearing by the complaint that a proceeding had already been started for an assessment of the value of the right of way under the statute, his Honor should have held that the pendency of such proceedings precluded the plaintiffs from commencing this action, and should have dismissed said complaint. 3. Because, the complaint showing that the defendant had entered upon the strip of land in question by permission and commenced the construction of its road-bed and tracks, it could not be·held to be a trespasser on the land, and his Honor should have held that the present action could not be maintained, and should have dismissed this complaint. 4. Because his Honor should have held that, the complaint showing that C. O. Witte, who was the owner of the land in question, and then in possession thereof, had consented to taking of said right of way, and had

granted the same to the defendant, no cause of action was stated by said complaint, and should have dismissed the same."

We will first consider whether there was error on the part of his Honor, the Circuit Judge, in refusing to sustain the demurrer to the complaint on the ground that the Court was without jurisdiction in the premises. Sec. 17, art. I., of the Constitution, provides, that "private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor." The plaintiffs as remaindermen were such "owners" as fall within the protection afforded by the Constitution, and when their property was taken for public use, "without just compensation being first made therefor," they had the right to seek redress in the Common Pleas, a Court of general jurisdiction, *unless the statute furnishes an exclusive remedy in such cases.* Those sections of the statute providing the manner in which a railroad company may acquire the right of way under condemnation proceedings, that throw light upon this question, are as follows: "Section 1743. Whenever any person or corporation shall be authorized by charter to construct a railway, canal or turnpike in this State, such person or corporation, before entering upon any lands for the purpose of construction, shall give to the owner thereof (if he be *sui juris*) notice, in writing, that the right of way over said lands is required for such purpose, which notice shall be given at least thirty days before entering upon said lands; and such notice shall be served upon such owner in the same manner as may be required by law for the service of the summons in civil actions. If the owner shall not, within the period of thirty days after service of said notice, signify, in writing, his refusal or consent, it shall be presumed that such consent is given; and such person or corporation may thereupon enter upon said lands; but the owner of said lands may move for an assessment of compensation in the manner hereinafter directed. Section 1744. If the owner of said lands shall

signify his refusal of consent to entry thereon without previous compensation, the person or corporation requiring such right of way shall apply by petition to the Judge of the Circuit wherein such lands are situated, for the empanelling of a jury to ascertain the amount which shall be paid as just compensation for the right of way required, in which petition shall be set forth a description of the lands, the names of the owners, the purposes for which the lands are required, and such other facts as may be deemed material." * * * "Section 1752. Nothing herein contained shall be construed to prevent entry upon any lands for purposes of survey and location; and if in any case the owner of any lands shall permit the person or corporation requiring the right of way over the same to enter upon the construction of the highway without previous compensation, the said owner shall have the right, after the highway shall have been constructed, to demand compensation and to petition for an assessment of the same in the manner hereinbefore directed: *Provided,* Such petition shall be filed within twelve months after the highway shall have been completed through his or her lands." There are two reasons why the Circuit Judge did not err in overruling the demurrer to the jurisdiction of the Court. In the first place, it is a reasonable inference from the allegations of the complaint that the failure of the defendant to proceed under the statute to acquire the right of way under condemnation proceedings, after giving the notice hereinbefore mentioned, becoming the owner of the life estate, and receiving notice from the plaintiffs objecting to its entry without compensation being made, was due to the fact that it disputed *the right* of the plaintiffs as remaindermen to demand compensation. This question could not be determined in condemnation proceedings under the statute. *Ry. Co.* v. *Ridlehuber,* 38 S. C., 308. In the case just mentioned, Mr. Chief Justice McIver says: "* * * It seems to us obvious that while a special mode of proceeding has been prescribed for ascertaining the *amount* of compensation, to which the land owner in a case like this shall be entitled, where the

*right* of compensation is either conceded or has been already determined, there is no mode prescribed by which such right can be tested, when it is denied." As the statute does not prescribe the manner in which such *right* shall be determined, the plaintiffs, under the authority of *Ry. Co.* v. *Ridlehuber, supra,* had the right to bring their action in the Court of Common Pleas for the purpose of having their interest in the land determined. In the second place, there is no provision in the statute authorizing any further proceedings on the part of the *land owner* after he has served notice in writing on the corporation, "signifying his refusal of consent without previous compensation," although there may be further proceedings at the instance of the *corporation.* As the statute does not provide a mode by which the owner of the land can have the amount of his compensation determined, when he neither *consents to nor permits* the entry by the corporation, the Court of Common Pleas has jurisdiction, also, to determine the amount of compensation to which the owner is entitled in such cases.

We will next consider whether there was error in overruling the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action. The defendant contended on Circuit that the complaint was subject to demurrer because it did not state that the defendant was a trespasser, and because it stated that the defendant occupied the land under a release from C. O. Witte, who was then in possession of the land. While the allegations of the complaint do not show that the defendant was a *trespasser,* but, on the contrary, show that the entry was made under lawful authority, yet this does not deprive the plaintiffs of their right to demand *compensation. Tompkins* v. *Ry. Co.,* 21 S. C., 420. C. O. Witte, as owner of the life estate, could not deprive them of the right to compensation allowed them by the Constitution, nor did he attempt to do so. He only released to the defendant a right of way through said lands "to the extent of his ownership." If the plaintiffs had been the owners in fee, or entitled to the

possession and control of the land at the time of the entry thereon by the defendant, and had given notice in writing of their refusal. to the entry, they could have proceeded against the corporation as a *trespasser. Tompkins* v. *Ry. Co.,* 37 S. C., 382. While the release to the defendant of the life estate protected it from an action against it as a trespasser, it did not prevent the plaintiffs from demanding *compensation. Tompkins* v. *Ry. Co.,* 21 S. C., 420. These grounds were properly overruled.

The judgment of the Circuit Court is affirmed.