7557

## SEABOARD AIR LINE RY. v. GARRETT.

1. WILLS—LIMITATION OF ESTATES.—A devise to my wife so long as she remains a widow and in case she never marries again, the division of the property among our children shall be according to her will; but if she marries again the property to be divided between my children and their heirs forever, gives the wife a life estate defeasible on her marriage, with power to divide the land among the children and to execute deeds to them therefor.

2. PARTIES—CONDEMNATION.—Where the wife set apart and conveyed a part of this land to one of the children, over which she had previously granted a right of way to a railway company, the grantee at the death of the mother may maintain condemnation of right of way across her land without making the other children parties.

Before PURDY, J., Union, July, 1909.   Affirmed.

Action by Seaboard Air Line Ry. v. Ada L. Garrett. From Circuit decree, dismissing complaint, defendant appeals.

*Messrs. J. L. Glenn* and *J. A. Sawyer,* for appellant. *Mr. Glenn* cites: *Deed cannot carry right to compensation:* 11 Rich., 91.

*Messrs. Wallace & Barron, contra,* cite: *The wife under the will had power of dividing and granting the land:* 22 Ency., 1123a, 6, 1124b; 1125c, 7d; 1107, 3; 10 S. C., 45. *Wife could only convey estate she had to railway company:* 69 S. C., 481; 9 Rich. Eq., 411; 30 Ency., 750c; 22 Ency., 1097; 21 S. C., 430. *Not necessary to join other children:* 16 S. C., 229; 17 Ency., 673b and n. 4, 683 and n. 9; 21 Ency., 805, 2 and n. 22; Ency., P. & P., 1146, 1147.

April 26, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Ada L. Garrett on April 25th, 1908, began a special proceeding against the Seaboard Air Line Railway for assessment of compensation for right of way through certain lands in Union county, and this action was brought in May, 1908, to enjoin further proceedings under the condemnation statute and to have it decreed that Ada L. Garrett was not entitled to recover compensation for the right of way described. A temporary restraining order was issued. The case was heard by Special Judge, R. O. Purdy, upon the master's report of the testimony with his conclusions of law and fact. Judge Purdy reversed the judgment of the master, vacated the restraining order and ordered the clerk of court to proceed with the jury to assess compensation.

The exceptions of plaintiff-appellant depend mainly upon the construction of the third clause of the will of W. J. Tucker, who died testate on April 9th, 1870, seized of the land upon which the right of way has been located. The clause in question provides:

"I give and bequeath to my beloved wife, Penelope C. Tucker, so long as she remains a widow, all the other property that I may possess at the time of my death; and in case she never marries again the division of the property between our children shall be according to her will. But in case she marries again, then all my property, except the ten-thousand-dollar policy in the Piedmont Life Insurance Company, shall be equally divided between my children and their heirs, to have and to hold forever."

We agree with the Circuit Court that Penelope C. Tucker, the widow, took under this will a life estate defeasible on her marriage, and having power in case she never married again, to divide the property between the children of the testator and Penelope Tucker according to her discretion, but in case of her marriage, or her death without having married again, and without having executed the power of division the property to be equally divided between the

children and their heirs. 'We think the words, "according to her will," mean "according to her choice, decision, discretion," and not "according to her last will and testament," and hence, that she had power to make such division by deed.

It appears that on April 25th, 1877, Penelope Tucker, by her deed, granted the right of way in question to the Georgia, Carolina and Northern Railway Company, and that the plaintiff has succeeded to all the rights of the former company therein.

But since Penelope Tucker had no greater interest than a life estate and had no power to dispose of the fee belonging to the children, the plaintiff did not acquire by its deed any easement, interest, or estate as against the remainder, so as to defeat the right to resort to the condemnation statutes for assessment of damages to their interest. *Cureton v. Ry. Co.,* 59 S. C., 377, 37 S. E., 914; *Trimmier* v. *Darden,* 61 S. C., 236, 39 S. E., 373; *Railway* v. *Reynolds,* 67 S. C., 502, 48 S. E., 476.

Plaintiff was born in June, 1867, and was an infant about ten years old at the time of the grant of right of way by the life tenant. The railroad was constructed through the land in 1888 or 1889. The life tenant died in May, 1907, without having married again. On October 4, 1893, Penelope Tucker divided the land among the children, W. J. Tucker, Mrs. Clara F. Fant and Ada L. Garrett, and reserving to herself a life estate, made to each of them an ordinary deed of conveyance to a separate portion of the land specifically described with plat attached and reciting that the deed was in pursuance of the last will and testament of W. J. Tucker. On the face of the plat accompanying the deed to Ada L. Garrett were the following notes by the surveyor: "1 'Home' tract No. 1, 452 less railroad land 14 —438 acres. 2. 'Holmes' tract No 3, 243, railroad land 10—235 acres." The metes and bounds describing the land conveyed to Ada L. Garrett embraced the land occu-

pied by the railroad as a right of way. On February 1, 1899, Penelope Tucker, reserving a life estate to herself, made another conveyance of the same land to Ada L. Garrett referring to the former deed as intended to execute the power given her in the will of W. J. Tucker and more fully reciting that this deed was intended as in execution of said power, conveyed, appointed and assigned the said land to Ada L. Garrett.

We agree with the Circuit Court in holding that the deeds above mentioned were a proper execution of the power conferred by the will, and that the children did not derive anything from the grant of their mother, except a separation of their interests, as the will fixed the interests of the children and only provided the method by which a division could be made. The power having been properly executed and the portion assigned to Ada L. Garrett, embracing all the right of way claimed by the railway company, the remaining children have no interest in the question of condemnation and are not necessary or proper parties to this proceeding, and Ada L. Garrett alone is entitled to recover whatever compensation may be allowed for the right of way.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.