8338

DEMPSEY v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES.—When one living within the delivery limits of a telegraph office goes to another to send a message because his office was closed, and·in the message requests the answer to be sent to his office, a service message asking for delivery charges should be sent to his office and not to the sending office.

2. IBID.—CHARGE.—Modifying a request ·to charge as to the duty of a telegraph company by adding "on the allegation that she was deprived of being with her daughter while she was yet conscious," could not have had the effect of inducing the jury to find for plaintiff because she did not reach her daughter while conscious.

3. NEW TRIAL.—There being ample evidence to sustain the verdict and no motion having been made for a nonsuit or to direct a verdict, refusal of motion for new trial sustained.

Before SEASE, J., Colleton, November, 1911.    Affirmed.

Action by Barnie Dempsey and Mrs. Barnie Dempsey against Western Union Telegraph Company. Defendant appeals.

*Messrs. Geo. H. Fearons, Nelson, Nelson & Gettys* and *Peurifoy Bros.,* for appellant. *Peurifoy Bros.* cite: *One*

37—92

*cannot recover for damages which he could have prevented by other means of communication:* 27 Ency. 1034.

*Messrs. Padgett, Lemacks & Moorer,* contra, cite: *That there is no evidence to support a verdict must be first made by motion for nonsuit or to direct a verdict:* C. C. Rule 77; 75 S. C. 571. *The rules of·a telegraph company must be reasonably applied:* 71 S. C. 307. *Service message must be handled with same diligence as initial message:* 81 S. C. 436; 77 S. C. 174; 84 S. C. 7; 74 S. C. 300; 84 S. C. 67, 155; 67 L. R. A. 153; 129 Fed. 318; 16 L. R. A. (N. S.) 870; 159 Fed. 643; 24 L. R. A. (N. S.) 1283; 121 S. W. 1051; 67 L. R. A. 153. *As to the reasonableness of this rule:* 77 S. C. 174; 37 Cyc. 1680; 77 S. C. 179; 89 S. C. 567; 90 S. C. 498.

October 10, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This was an action by the plaintiffs against the defendant for actual and punitive damages for $1,995.00, for alleged negligent and wilful failure to deliver a telegram and negligent and wilful failure to notify the sender of its *non*,delivery. The telegram was filed with defendant, at Youngs Island, at 9:25 a. m., Sunday, July 3, 1910, and was as follows: "7-3-10. Mrs. Barney Dempsey, Cordova, S. C. Mrs. Platt is dying. Come at once. Answer to Meggetts. J. P. Gay."

Cordova is a small station in Orangeburg county and the telegraph office is only kept open from 7:00 to 7:30 a. m. and from 4:30 to 5:00 p. m. on Sundays. The evidence shows that the message from Youngs Island to Cordova had to be relayed in Charleston, South Carolina, and Augusta, Georgia, and was received at 4:45 p. m. by agent at Cor-. dova on the day sent. Plaintiffs did not live in the town of Cordova, but some seven or eight miles in the country. Cordova was not their telegraph or postoffice. Their post-

office was Cope, a distance of several miles.    Mrs. Platt was a daughter of Mrs. Dempsey and lived near Meggetts.    Her husband, in going for a doctor, requested Gay, a relative, to notify plaintiffs to come to her daughter.    Gay lived a short distance from the telegraph office at Meggetts and was well known to the telegraph agent there.    The office at Meggetts was not open for business on Sundays and Gay went to Youngs Island, a distance of nearly two miles, to send the telegram.    He paid for the telegram and impressed upon the agent the importance of the same.    The agent at Cordova, as testified, was related to plaintiff and knew plaintiff.

After receipt of the message at Cordova at 4:45 p. m. and within half an hour the agent sent a service message to Youngs Island, as follows: "Youngs Island, S. C.    Yours to Mrs. Barney Dempsey signed Gay undelivered.    Party lives eight miles in the country.    Cordova, S. C., July 3d."

Gay, after sending message from Youngs Island, returned to his home at Meggetts and received no notice at all from Youngs Island or Meggetts of the nondelivery of the telegram.    The agent at Young's Island testified he knew Gay and knew where he lived.    Failing either to see or hear from Mrs. Dempsey the relatives of the sick daughter got into communication with her at her home by long distance telephone late in the afternoon of Tuesday, July 5th, and in response to this communication Mrs. Dempsey reached her daughter's bedside on July 6, at about 4:30 p. m.    The daughter was unconscious on her arrival and never regained consciousness.    The daughter died after plaintiff's arrival, Thursday, July 7th.

The cause was tried before the Hon. Thomas S. Sease and a jury at November term of Court, 1911, and a verdict was rendered by them in favor of plaintiffs for $650.00 actual damages.    Defendant appeals, and alleges error on ten grounds.    At the argument of the case before this Court, Exceptions 1 and 6 were withdrawn by appellant's counsel.

The 2d, 3d and 4th exceptions are as follows: "Because the Circuit Judge erred in modifying the defendant's third request as follows: 'I also charge you that if the defendant was notified that the service message was to be delivered in another place and the plaintiff's agent or those acting for her was within that delivery I charge you that it would be the duty of the telegraph company to take notice of that information if a person of ordinary prudence and care would have taken notice of it and been guided by it.' The error being that the jury were instructed in effect that the defendant was required to deliver the service message at Meggetts, a different point from the sending place and contrary to the law and rules of the company. 1st. Because the jury was instructed that they could find that it was the duty of the company to deliver a service message two miles from the place of sending, when the uncontradicted testimony showed that the rules of the company only required the delivery of the service message within half a mile of the sending office. 2d. Because the jury were led to believe that the defendant was under obligation to deliver a service message at a point other than the sending station.

"Because the Circuit Judge erred in modifying the defendant's third request by adding the following: 'On the allegation that she was deprived of being with her daughter while she was yet conscious,' the error being that the jury was led to believe that they could find for the plaintiff on these grounds, whereas the claim for damages as set out in the complaint was based upon her alleged inability to arrive at the bedside of her daughter and minister to her while she was yet conscious, the weight of the testimony having shown that the deceased was unconscious at the time said message was sent and remained so until the time of her death."

Appellant contends that although the telegram contained the notice "answer to Meggetts" that the telegraph com-

pany was not required to notify Gay of the *non* delivery of the telegram at Meggetts because the message was sent from Youngs Island and a service message under the alleged rule of the company was not required to be delivered beyond a half mile of the sending office. We think this view not tenable. The evidence shows that Youngs Island and Meggetts were small places close together and sparsely settled and the people knew each other. That Gay was well known to both the agent at Youngs Island and Meggetts, and it was well known to both that he lived within one hundred yards of the telegraph station at Meggetts. It was well known that the office at Meggetts being closed on Sundays was the reason for sending the message from Youngs Island. Gay put the defendant on notice as to where he was to receive a reply to his telegram. There is no doubt but it was the duty of the defendant to notify Gay of the failure to deliver the telegram at Meggetts, where he had directed them to answer and not at Youngs Island where he had sent it from.

It is as much the duty of a telegraph company to exercise diligence in the delivery of a service message as to exercise diligence in the delivery of an initial message.

It has been held in numerous cases, in this State, if from a lack of knowledge or other causes the company failed to exact in advance the extra charge for delivery outside the free delivery limits it must upon ascertaining the facts of residence beyond such limits give an opportunity to pay the extra charge. *Campbell* v. *Telegraph Co.,* 74 S. C. 300, 54 S. E. 571; *Lyles* v. *Telegraph Co.,* 77 S. C. 174, 57 S. E. 725, 12 L. R. A. (N. S.) 534; *Busbee* v. *Telegraph Co.,* 89 S. C. 567; *Martin* v. *Telegraph Co.,* 81 S. C. 436, 62 S. E. 833.

These exceptions are overruled.

The fifth exception is as follows: "Because the Circuit Judge erred in modifying the defendant's third request by adding the following: 'On the allegation that she was

deprived of being with her daughter while she was yet conscious,' the error being that the jury was led to believe that they could find for the plaintiffs on this ground, whereas the claim for damages as set out in the complaint was based upon her alleged inability to arrive at the bedside of her daughter and minister to her while she was yet conscious, the weight of the testimony having shown that the deceased was unconscious at the time the said message was sent and remained so until the time of her death."

We see no error in the Judge's charge. He submitted the question of fact to the jury on the issues as made by the pleadings and did not confine them as to whether or not she would have arrived while her daughter was conscious or not. To have done so would have been error. This exception is overruled.

Exceptions 7, 8, 9 and 10 allege error in refusing a motion for a new trial. In addition to the fact that there was ample testimony to sustain the verdict the appellant made no motion for a nonsuit or to direct a verdict as required by Rule 77, Circuit Court Rules. These exceptions are overruled.

Judgment affirmed.

Mr. Chief Justice Gary *did not sit in this case.*