8558

COLCLOUGH v. BRIGGS.

1. PLEADINGS—DEMURRER—MOTION TO MAKE DEFINITE.—Where the
   allegations in a complaint are so indefinite and uncertain as to leave
   it doubtful if the pleader intended to allege the grantor intended to
   bind himself individually or the estate of which he was trustee, by
   the covenant of warranty, the remedy is by motion to make the
   complaint definite and certain and not demurrer.
2. DEEDS—BREACH OF WARRANTY—Where there is a breach of war-
   ranty and the grantor intended to warrant the title individually, his
   estate is liable for damages arising from such breach.
3. AN EXCEPTION alleging error in a ruling not shown by the record to
   have been made is not well taken.

Before ERNEST GARY, J., Clarendon, February, 1913.
Affirmed.

Action by S. M. Colclough against A. J. Briggs, R. B.
Smyth, Mike Powell and E. Smyth, as executors of R. R.
Briggs, on the following complaint:

(1) "That the plantiff is a resident of Ridge Spring,
Saluda county, State aforesaid.

(2) "That the defendants are the duly qualified executors
of the estate of R. R. Briggs, deceased, late of the county
and State aforesaid; that A. J. Briggs resides at Summer-
ton, county and State aforesaid; that Mike Powell resides at
Newman, State of Georgia; that E. A. Smyth resides at
Blacksburg, State of Virginia; that R. B. Smyth is insane

and is confined in some sanitarium beyond the limits of this State.

(3) "That during the year 1904, R. R. Briggs, as the trustee for E. M. Briggs, and as such trustee, the owner in fee, conveyed by warranty deed a lot of land in the town of Summerton, county and State aforesaid, to the plaintiff herein; that the description of said lot of land is as follows, to wit: Situate on the east side of Cantey street, measuring thereon one hundred and twenty feet, and measuring in depth on its southern line three hundred and thirteen feet; on its northern line two hundred and forty-two feet, and having a width on its back line of seventy-eight feet; bounded on the north by lot of W. H. Shirer; east by the right of way of the Northwestern railroad; south by land of E. M. Briggs, and on the west by Cantey street.

(4) "That under and by virtue of the conveyance and title to plaintiff as aforesaid, R. R. Briggs, as trustee as aforesaid, and as such trustee the owner in fee, bound himself and his heirs, executors and administrators, to warrant and forever defend, all and singular, the premises aforesaid unto the said plaintiff, against his heirs and all other persons lawfully claiming or to claim the same, or any part thereof.

(5) "That during the year 1908, the Northwestern R. R. Co. of South Carolina, commenced an action in the Court of Common Pleas for the county and State aforesaid, the legal object and purpose of said action being to oust and recover of plaintiff herein, a part or portion of the lot of land aforesaid; that said action was determined by a decision rendered by the Supreme Court of the State aforesaid in the month of October, 1911; that under and by virtue of said action the aforesaid railroad company ousted and recovered of this plaintiff a part or portion of the lot of land sold to the said plaintiff by R. R. Briggs, as trustee, and as such trustee the owner in fee as aforesaid; that under and by virtue of said

action the legal title of plaintiff to the lot of land as aforesaid was put in issue.

(6) "That R. R. Briggs, as trustee, and as such trustee the owner in fee as aforesaid, was duly and legally and properly vouched and notified of the aforesaid action, and required to come in and defend said action; that said R. R. Briggs, as trustee, and owner in fee as aforesaid, refused to expend any money in the direction of defending the title of the plaintiff to the lot of land as aforesaid, the title to said lot having been brought into issue by reason of the above action.

(7) "That during the month of April, 1910, E. M. Briggs became the owner in fee of all the property, real and personal, and died and R. R. Briggs as aforesaid, became the heir and devisee, of the said E. M. Briggs; that R. R. Briggs died in the month of October, 1910, and thereafter, the above defendants duly qualified as the executors of the estate of the said E. M. Briggs and are now the duly qualified executors as aforesaid.

(8) "That for the purpose of defending the title to the lot as aforesaid, in the action as aforesaid, the plaintiff has expended the sum of four hundred and fifty-seven dollars and twenty cents; that on the fifth day of September, 1911, plaintiff filed a duly sworn to claim with the above defendants for the said sum of four hundred and fifty-seven dollars and twenty cents, said claim having been filed within the twelve months allowed by statute to representatives of the estate of deceased persons to settle claims against said estate; that although more than twelve months have elapsed since the defendants qualified as executors of the estate of R. R. Briggs, and defendants refuse to pay the claim aforesaid.

"Wherefore, plaintiff demands judgment against the defendants for the sum of four hundred and fifty-seven dollars and twenty cents and the costs of this action."

The defendants appeal on the following exceptions:

First. "That his Honor erred, it is respectfully submitted, in overruling the demurrer when it appears upon the face of the complaint that the alleged warranty was given by R. R. Briggs, as trustee, his *cestui que trust* being the real party in interest and for whom the alleged warranty was given, and the estate of the latter is, therefore, liable, if anyone, and there is a defect of parties defendant.

Second. "That his Honor erred, it is respectfully submitted, in not holding that if the plaintiff has any cause of action it is for the breach of an alleged warranty or covenant, to be measured in damages, and there are no facts stated upon which any damages could be based.

Third. "That his Honor erred, it is respectfully submitted, in holding that the defendants are liable for money expended by plaintiff in defending a certain lawsuit, when, as a matter of law, if the plaintiff has any claim against defendant's testator the measure of damages is the value of the property lost at the time of alienation, with legal interest from the time of eviction, and it is respectfully submitted that there are no facts alleged for the recovery of any such damages."

*Messrs. Davis & Weinberg,* for appellants, cite: *Defendant vouched is not required to defend:* 1 Hill 27; 2 Brev. 171; 59 S. C. 454. *Measure of damages in breach of warranty:* Code 1912, 3536; 43 S. C. 29; 46 S. C. 551; 60 S. C. 526; 82 S. C. 70.

*Mr. J. J. Cantey,* contra, cites: *Complaint does not show defect of parties defendant:* 72 S. C. 40; 89 S. C. 556. *Remedy is motion to make definite:* 50 S. C. 310; 63 S. C. 525; 68 S. C. 567; 70 S. C. 276. *The warrantor and his heirs are liable:* 59 S. C. 458; 154 N. C. 61.

May 28, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action for damages, alleged to have been sustained by the plaintiff, on account of a breach of the warranty in the deed described in the complaint.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. His Honor, the Circuit Judge, overruled the demurrer and the defendants appealed.

In order to understand the questions involved, it will be necessary to set out the complaint and the exceptions, in the report of the case.

We will consider the exceptions in regular order:

First Exception. Paragraph four of the complaint is indefinite and uncertain, in that it fails to allege clearly, whether R. R. Briggs intended to bind himself individually or the trust estate, by the covenant of warranty therein mentioned. The said section on the one hand, alleges, that he bound himself, his heirs, executors and administrators, to warrant and forever defend the premises, against his heirs, etc., while, on the other hand, it alleges, that he was acting as trustee in warranting the title. In such a case the remedy is not by demurrer, but by a motion to make the complaint definite and certain.

Second Exception. The complaint alleges a breach of the covenant of warranty. If R. R. Briggs intended to warrant the title individually (and as we have shown, there are allegations to that effect), then his estate is liable for damages arising from such breach.

Third Exception. This exception cannot be sustained, for the reason that there is nothing in the record, showing that his Honor made the ruling mentioned in the exception.

Judgment affirmed.