January 13, 1914. The opinion of the Court was delivered by
This was an action by plaintiff against defendant to recover the sum of ninety-two and 80-100 ($92.80) dollars, the value of twenty-nine bags of potatoes alleged to be lost and damaged by defendant, and the further sum of fifty ($50.00) dollars penalty for failure *Page 347 
to pay claim for said loss and damages to the potatoes within the time required by law. The case was tried before Honorable Frank B. Gary and a jury, and resulted in a verdict in favor of the plaintiff in the full amount sued for.
At the close of plaintiff's evidence a motion was made for a nonsuit as to the cause of action for the penalty on the ground that it was an interstate shipment and that the act provides for actual damages done, and that the penalty statute is now void, and of none effect since the passage of the Carmack amendment to the interstate commerce act. This motion was refused.
At the close of the case when all the evidence was in, defendant asked the Court to direct a verdict in its favor on the same grounds. A motion for nonsuit was made; this motion was also refused. After verdict a motion for a new trial was made upon the ground that the verdict was unsupported by the evidence and that the verdict of the jury was in direct conflict with the charge of the Judge. This was refused. Defendant appeals and by three exceptions alleges error on the part of his Honor.
Exception one assigns error on the part of his Honor in refusing to direct a verdict in favor of the defendant upon the ground that the evidence was conclusive and uncontradicted that the property lost never came into the possession of the defendant. This exception is overruled, as the record shows no such motion was made on the trial.
Exceptions will not be considered that are not based on the record. The only ground for nonsuit and direction of verdict were as to the penalty and under the authorities ofSandford v. Cudd, 93 S.C. 367; Colcough v. Briggs,95 S.C. 4, and Strauss v. R.R. Co., 94 S.C. 325, these exceptions cannot be considered.
Exception two assigns error on the part of his Honor in refusing a new trial on the ground that the evidence was uncontradicted and conclusive that the loss occurred on the *Page 348 
line of a common carrier other than defendant's railroad, and that the goods lost never came into the possession of the defendant. This exception is overruled as it was submitted for the first time to the Court on a motion for a new trial and should have been submitted by motion to direct verdict as required by rule 77, Circuit Court rules: Baker v. Tel. Co., 84 S.C. 477, 66 S.E. 128;Dempsy v. Tel. Co., 92 S.C. 577, 75 S.E. 977.
Exception three was abandoned at the hearing as it was taken before the decisions of this Court in Varnsville FurnitureCo. v. C. W.C. Railroad, MSS., and DuPre v.C., N. L.R.R., MSS., were filed.
Judgment affirmed.