8964

COLCLOUGH v. BRIGGS *ET. AL.*

(83 S. E. 35)

COVENANTS—WARRANTY OF TITLE—BREACH—ACTION.—In 1888 a life tenant of a strip of land in question conveyed such strip, 100 feet on each side of the center line thereof, to a railroad company's grantor for railroad purposes, after which the railroad company continued to occupy the same. Notwithstanding the life tenant's grant was recorded in 1889, she and her husband, who was trustee for the remaindermen and invested with a power of sale under the trust deed, undertook to convey to plaintiff in 1904 certain lands adjoining the railroad's right of way, the description calling for a measurement in feet, which included a part of the right of way, though the deed called for the right of way as a boundary. Subsequent to the execution of this deed and the life tenant's death, plaintiff erected certain buildings and fences either wholly or partly within the limits of the right of way grant, and, in an action by the railroad company, it was held that it was entitled to recover an amount which it could have secured by condemnation, which, under its charter, extended 75 feet on each side of the center of its roadbed. *Held,* that plaintiff took subject to the railroad's right of way easement to the extent of its charter power to condemn, and was therefore not entitled to recover from his grantors for an alleged breach of warranty.

---

FOOTNOTE.—See note on existence of public highway, private way, or railroad right of way across land at time of conveyance as breach of covenants, in 30 L. R. A. (N. S.) 833, and 48 L. R. A. (N. S.) 619, and also note as to private way in Ann. Cases, 1913d, 440.

Before SEASE, J., Manning, October, 1913.   Reversed.

Action by S. M. Colclough against A. J. Briggs, R. B. Smyth, Mike Powell and E. A. Smyth, as executors of the will of R. R. Briggs, deceased.   From judgment for plaintiff, defendants appeal.   The facts are stated in the following opinion.   The granting and warranty clauses in the deed from E. M. Briggs and R. R. Briggs, trustee, were as follows:

"Have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said S. M. Colclough all that lot, piece or parcel of land, situate, lying and being on the east side of Cantey street, in the town of Summerton, county of Clarendon, State aforesaid, measuring and containing in front on Cantey street, one hundred and twenty (120) feet; in depth on south line three hundred and thirteen (313) feet; on back line seventy-eight (78) feet and on north line two hundred and forty-two (242) feet, be all the said dimensions more or less, butting and bounding to the north on lot of W. H. Shirer; to the east on right of way of N. W. R. R. Co.; to the south on lot of E. M. Briggs and to the west on Cantey street.

Together with, all and singular, the rights, members, hereditaments and appurtenances to the said premises belonging or in anywise incident or appertaining; to have and to hold, all and singular, the said premises before mentioned unto the said S. M. Colclough, his heirs and assigns, forever.

And I do hereby bind myself and my heirs, executors and administrators, to warrant and forever defend all and singular, the said premises unto the said heirs and assigns against me and my heirs and all other persons lawfully claiming or to claim the same or any part thereof."

The appellant's first exception was as follows:

"That his Honor erred, it is respectfully submitted, in not finding for, and rendering judgment in favor of, defendants,

upon the grounds urged at the conclusion of the testimony, to wit:

(a) That the Supreme Court in the former appeal in this case, 95 S. C. 4, 78 S. E. 530, having ruled that the complaint contains allegations of a warranty by R. R. Briggs individually, and the proof showing that his deed was made as trustee, the action cannot be maintained.

(b) That the terms of the deed containing the warranty alleged to be breached shows there has been no breach, and consequently no loss and damage to the plaintiff for which defendants are answerable, in that the words 'more or less' following the distances given in deed, and the eastern boundary 'the right of way of the Northwestern Railroad Company,' conclusively show, when the deed was made, that the parties were doubtful as to the extent of this right of way, and the grantors protected themselves by these qualifying words.

(c) That even if there is any loss, plaintiff having conveyed away all his right in the land by mortgage deed with covenants of general warranty prior to the commencement of this action, the purchaser at such sale is entitled to the loss and damage, if any."

*Messrs. Davis & Weinberg,* for appellants, submit: *The deficiency in acreage, amounting only to 16 per cent., was due to error in length of north and south lines; was guarded against by use of the words "more or less;" and was not such a gross variation as calls for redress:* 35 S. C. 391; 41 S. C. 198; 58 S. C. 481; 98 S. C. 286. *The boundaries control the courses and distances:* 53 S. C. 90.

*Mr. J. J. Cantey,* for respondent, submits: *Existence of railroad right of way was breach of warranty:* 24 A. & E. Ann. Cas. 650. *Grant covered the 75 feet west of railroad track:* 79 S. C. 442. *This presumption, strengthened by courses and distances given in deed:* 53 S. C. 90; 82 S. C.

455; 90 S. C. 71. *When the covenant of seizin was broken:* 27 Am. & Eng. Ann. Cases 1185. *Right of grantee to recover on warranty, not affected by subsequent sale under mortgage:* 26 A. & E. Ann. Cas. 652.

October 6, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for the recovery of damages alleged to have been sustained by the plaintiff, on account of a breach of the warranty contained in a deed described in the complaint herein, which will be found in the report of this case on a former appeal in 95 S. C. 4, 78 S. E. 530.

The facts are thus stated in the decree of his Honor, the presiding Judge:

"This action was heard by me in open Court on the pleadings, the record in the cause, and the testimony offered in evidence, a jury being waived by all parties to the action.

It appears that a demurrer to the complaint was first interposed by the defendant, on the ground that said complaint failed to state a cause of action, but said demurrer was overruled in a recent decision of the Supreme Court of the State (95 S. C. 4, 78 S. E. 530).

It appears that in the year 1904, E. M. Briggs and R. R. Briggs, trustee, conveyed to the plaintiff herein a lot of land in the town of Summerton, county and State aforesaid, and warranted the title to same; that in the year 1908 the Northwestern Railroad Company of South Carolina commenced an action to recover a portion of said lot extending one hundred feet from the center of its track, by virtue of a deed from the said E. M. Briggs and R. R. Briggs, said railroad company having acquired said title, and having been in full operation, several years previous to the conveyance of said lot to the plaintiff herein, as aforesaid; that at the time of the commencement of the action by the said railroad company against the plaintiff, the said plaintiff vouched the said

R. R. Briggs, trustee, and required him to come in and defend said action, which the said R. R. Briggs, trustee, refused to do, whereupon plaintiff employed attorneys and defended the action, which terminated in a decree of the Supreme Court, as reported in *Northwestern Railroad Company* v. *Colclough,* 89 S. C. 555, 72 S. E. 494.

The action herein by the plaintiff is for damages on account of a breach of warranty and expenses incurred by reason of defending the suit referred to in 89 S. C. 555, 72 S. E. 494, *supra."*

Turning to the case of *Railroad Co.* v. *Colclough,* 89 S. C. 555, 72 S. E. 494, we find the following statement of facts:

"Briefly, it may be stated, that the evidence established a grant, about the year 1888, made upon valuable consideration by the life tenant, of the strip of land here in question, to the grantor of the plaintiff for railroad purposes, and an occupation thereof by the plaintiff railroad company, for its use as a right of way for some period of time, the length of which is not clearly stated, prior to the taking possession of a part thereof by the defendant, in the year 1904. Notwithstanding the grant by the life tenant was duly recorded in the year 1889, the life tenant and her husband, the latter, being then trustee for the remaindermen and being invested with a power of sale under the trust deed, undertook to convey to the defendant in the year 1904, certain lands adjoining the track and right of way of the plaintiff, the description thereof calling for a measurement in feet. which include the right of way in part, although the deed calls for the right of way as a boundary. At some date subsequent to the deed of 1904, the life tenant being dead, the defendant erected certain buildings and fences, either wholly or partly within the limits of the grant of the right of way aforesaid.

The finding of the Circuit Court as matter of fact is that a right of way was laid out and appropriated to railroad uses, one hundred feet in width on each side of the track of

the plaintiff railroad company, in.pursuance of the grant of the life tenant, and subsequently it is further found, that the plaintiff was in the possession and use of such right of way, actually as to part and constructively as to the remainder, at the time of the entry and possession taken by the defendant.

It appears, however, by the terms of its charter, the railroad company was only authorized to condemn for the purpose of its right of way a strip of land extending on each side of the center of its roadbed, a distance of seventy-five feet. While, therefore, it had the right, no doubt, to accept a grant for a greater width, its power of condemnation under its charter only extended to a distance of seventy-five feet from its roadbed."

In disposing of the question then under consideration, the Court used this language:

·"The defendant, as grantee of the remaindermen or of their trustee, could not recover any part of the land so dedicated to railroad uses, so far as the same was authorized by the charter to be taken for a right of way, and the defendant had no right to take possession of any part thereof so dedicated in accordance with such charter, so as to interfere with the right of easement held by the plaintiff therein, even if the same could be shown to be embraced within the limits of the defendant's deed. *Bridges* v. *R. R.*, 86 S. C. 268, 68 S. E. 267; Ann. Cas. 1912a, 1056; *Tompkins* v. *R. R.*, 21 S. C. 421; *Railway* v. *Reynolds*, 69 S. C. 481, 48 S. E. 416; *Cureton* v. *R. R.*, 59 S. C. 371, 37 S. E. 914.

It must be concluded, therefore, that any estate acquired by the defendant in the premises, by the deed of 1904, was subject to the easement previously granted to and then being used by the plaintiff company, so far as concerns that portion of the land in question which is embraced within the strip extending seventy-five feet on each side of the center of the roadbed of the plaintiff, and which it had the right to hold as a right of way."

The Court, in conclusion, stated that there was no error in enjoining the defendant, Colclough, from interfering with the plaintiff, in the exercise of its right to the use of the strip of land for railroad purposes, embraced within the limits of seventy-five feet on each side of the railroad track.

These conclusions render unnecessary the additional grounds upon which the appellant's attorneys gave notice that they would ask that the amount of the judgment be increased.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the complaint dismissed.

MR. JUSTICE HYDRICK concurs in the result.

MR. JUSTICE FRASER, *concurring.*   The deed under which the plaintiff claimed, contained the following boundary, to "the east on the right of way of N. W. R. R. Co." The breach of warranty claimed, is the land covered by the right of way. The conveyance, therefore, either did not include the land covered by the right of way, or was a conveyance subject to the right of way. In neither case can the plaintiff recover.

For these reasons I concur in the result.