11122

JONES v. ROSAMAN

(116 S. E., 193)

1. MAGISTRATES—MERE TECHNICAL ERRORS AND DEFECTS DISREGARDED ON APPEAL.—By express provision of Code Civ. Proc., 1912, § 407, the Circuit Court on appeal from an inferior Court gives judgment according to the justice of the case, disregarding technical errors and defects not affecting the merits.

2. LIFE ESTATES—TENANT CAN SELL RIGHT OF LAWFUL ENTRANCE AND USE OF LAND FOR PUBLIC ROAD.—A life tenant has the right to sell, what he purports to sell, the right of lawful entrance on and use of the land as a public road, and so may recover of the purchaser the agreed price.

Before GARY, J., Greenville, 1921. Affirmed.

Action by S. L. Jones against J. P. Rosaman. On defendant's appeal from a Magistrate's judgment for plaintiff, the Circuit Court affirmed the judgment and dismissed the appeal, and defendant appeals.

The fourth ground of appeal from Magistrate was as follows:

(4) The undisputed testimony in the case was that the plaintiff had only a life estate in the lands through which the road ran; that, even if there was an agreement to pay money for the right of way, said agreement was as a matter of law for the benefit of both the life tenant and the remaindermen, and that the plaintiff, a life tenant, had no

right to maintain this action without joining the other parties; that the Court had no power to render a judgment in favor of the plaintiff for the full value of the right of way, inasmuch as she was entitled only to such proportionate part as the life estate was worth, and there was not a scintilla of testimony tending to show the value of the life estate or what portion of the value of the right of way should be paid to the life tenant.

The Magistrate's return was as follows:

Plaintiff brought suit against defendants to recover sum of $84.00, on account of a certain strip of land belonging to plaintiff being taken and used to build a road for County. After all the testimony for plaintiff had been submitted, counsel for plaintiff requested the Court to grant a non-suit as regards Greenville County, which was granted. I was satisfied from the preponderance of the testimony that defendant, J. P. Rosaman, agreed and contracted to pay plaintiff $84.00 for the strip of land used by the County in constructing said road. The defendant, Rosaman, and several witnesses for him, testified that a short private road, built from the public road to plaintiff's house, was in full settlement for the land used for county purposes. On the other hand, plaintiff and several of her witnesses testified that this was not the case. Being a question of fact solely, I resolved same in favor of plaintiff. From all the testimony it appeared to me, and does so now appear, that the defendant, J. P. Rosaman, contracted with the plaintiff for the strip of land in question, and personally guaranteed the payment of the amount involved. Others may have been interested, but the testimony convinced me that the defendant, Rosaman, assumed payment, and the plaintiff expected payment from the defendant. One witness for the plaintiff testified that several of the neighbors, after the road had been constructed, denied that they had agreed with Rosaman to pay for the land in question. The testimony clearly showed that Rosaman was acting, not as an agent for others, but acting for

himself, being more interested in the opening up of this road than any one else.

Defendant's counsel set up the defense that, inasmuch as the land in question was worth more than $50.00, and contract was not in writing, that the Statute of Frauds would bar a recovery. However, it appears to me that this position is untenable, for the reason that the land in question was delivered to the defendant, and used for purposes aforesaid. Had Rosaman refused to pay for this land, the same would never have been delivered to him or to the County, to be used for road purposes. In other words, the verbal contract called for so many feet of land to be delivered, which delivery was made, for which the defendant, Rosaman, agreed to pay the sum sued for. I think it takes the case out of the statute.

Counsel for defendant also took the position that, inasmuch as plaintiff only held a life estate, she was not entitled to recover for the amount sued for. It appears to me that the life tenant did have the right to recover, for the reason that the County, through the activities and on the contract on part of Rosaman, came into possession of the land, built the road thereon, and plaintiff and the remaindermen would now be estopped from setting up any claim in and to the property in dispute. It does not appear to me that at any time, either now or in the future, could the remaindermen or life tenant set up a claim against the County and recover, because of the doctrine of *res adjudicata*. The County came into lawful possession of property under dispute under the contract made by plaintiff and defendant, Rosaman. It would work great hardship on public and the County should this road be disturbed because of the alleged irregularity. Furthermore, under the law, my Court is not supposed or expected to take cognizance of technicalities. Substantial justice is exacted of this Court, which, I think, was rendered in this case. There is no doubt but that the plaintiff and defendant, Rosaman, entered into a contract, and that the defendant, Rosaman, agreed to pay for the land, and

that the County constructed the road which is now in use and of great benefit to the community. None of the remaindermen have been found complaining of the contract or acts on part of the plaintiff. It seems to me that Rosaman shuld not be afforded an opportunity to take advantage of a technical irregularity, if same is irregular, when it does not appear that those offended against the remaindermen, have come into Court complaining.

If, however, the Court should determine that those who inherit after the life tenant's death should have been made parties to this action, it does appear to me that the same should be done without disturbing the verdict as a whole, since the trial of a case of this kind necessarily involves great expense, and continued litigation will work hardship on plaintiff in this case.

Following is the order of the Circuit Court:

After a careful consideration of the testimony in this case, I am of the opinion that the judgment of the Magistrate's Court should be affirmed, and the appeal dismissed.

The respondent's attorney has seriously argued only one of the appellant's grounds of appeal, to wit, the fourth. He contends that this is the only ground that has any semblance of merit in it. I agree with respondent's attorney in this statement, but even if this ground of appeal cannot be sustained under the facts proved, for the reason that the owner of land may negotiate with those who have the right to condemn it, to waive the formalities of condemnation proceedings, or to permit an entrance upon such lands without such proceedings. This carries with it the corresponding right to receive compensation for such negotiation, waiver, or permission, or to make a contract for such compensation.

The word "owners" was construed in *Tompkins v. Railroad Company,* 21 S. C., 420, as follows: "It is quite obvious that the statute does not use the term 'owner' in the sense of owners of the legal title, but rather in the sense of one who has the control of the land."

The life tenant had the right to negotiate with those hav-
ing the right to condemn, and had the corresponding right
to contract on pay for such negotiations.   It seems to me
that the defendant may not now be heard to repudiate a
contract because the person with whom he contracted had
only a life estate in the subject of the contract.   The obtain-
ing of a valid right to enter upon land is not dependent upon
what the party who sells the right shall do with the compen-
sation paid for such right to enter.

The practical question is : Did the life tenant have a right
to sell to the defendant what he purported to sell to him,
namely, the right of lawful entrance upon and use of the
land as a public road?   We think the plaintiff had such
power, and that the defendant, Rosaman, ought now to
carry out his contract.

The grounds of appeal are for these, and the reasons as-
signed by the Magistrate overruled, and the case is remanded
to the Magistrate's Court for the purpose of carrying the
judgment rendered by the Magistrate.

*Messrs. Martin & Blythe,* for appellant, cite : *Life ten-
ant can only convey life interest:* 59 S. C., 371; 85 S. C.,
543; 89 S. C., 555; 20 C. J., 854.

*Mr. H. P. Burbage,* for respondent, cites : *Life tenant
entitled to recover for injury during possession:* 26 R. C.
L., 957; 12 Am. Dec., 56; 18 Am. Dec., 42; 213 Ny., 246;
107 N. E., 661; Am. Cas., 1916-C 877; L. R. A., 1916A,
787; 17 R. C. L., 645; 58 Neb., 94; 78 N. W., 488; 46 L.
R. A., 237.   *Remaindermen not necessary parties:* 61 S.
C., 236.

January 30, 1923.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

This case was commenced before a Magistrate, who
rendered judgment in favor of the plaintiff, and the
defendant appealed to the Circuit Court.

Section 407 of the Code of Civil Procedure of 1912, provides:

"Upon hearing the appeal the Appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits."

In dismissing the appeal, the Circuit Court gave judgment according to the justice of the case; and, for the reasons assigned, the judgment of the Circuit Court is affirmed.

MR. JUSTICES WATTS, FRASER, COTHRAN (in separate opinion) and MARION concur.

MR. JUSTICE COTHRAN (concurring): Action to recover the price which the defendant agreed to pay the plaintiff for a right of way over certain land, in which it developed afterwards that she had only a life estate, which right of way was required by the County for highway purposes, and in the development of which the defendant was interested. The action was brought in a Magistrate's Court, and judgment was entered for the plaintiff in the sum agreed upon between Mrs. Jones, the plaintiff, and Rosaman, the defendant, $84.00. Upon appeal to the Circuit Court the judgment was affirmed. The defendant now appeals to this Court.

The only point discussed by the counsel for the appellant is that a life tenant cannot recover the price of the fee; that, the interests of the remaindermen not being affected by any contract that she may make, the defendant would acquire only the interest of the life tenant, for the value of which alone he should be required to pay. The cases cited (*Cureton v. Railroad Company*, 59 S. C., 371; 37 S. E., 914; *Railway Company v. Garrett*, 85 S. C., 543; 67 S. E., 903; *Trimmier v. Darden*, 61 S. C., 236; 39 S. E., 373; *Railway Company v. Reynolds*, 69 S. C., 481; 48 S. E., 476; *Railroad Comptny v. Colclough*, 89 S. C., 555; 72 S. E., 494), sustain the appellant's contention. The difficulty, however, is in applying this principle to a case where

the evidence is silent as to the interest which the defendant intended to buy. There is no contract in writing, no deed or even parol evidence, to indicate that the defendant proposed to buy and the plaintiff to sell a right of way of greater extent than the plaintiff was able to sell. For all that appears to the contrary, the defendant intended to buy the interest, which the plaintiff was authorized to convey.